81 U.S. 484
 20 L.Ed. 722
 14 Wall. 484
 DIRST
v.
MORRIS.
 December Term, 1871
 
 ERROR to the Circuit Court for the Northern District of Illinois; the case being this:
 Russell being the owner of a large number of lots of land in different counties in Illinois, conveyed one in May, 1837, to Josiah Breese. This deed was not recorded until the year 1864.
 In December, 1837, Russell being a debtor to the United States mortgaged the same lot with all the several others that he owned to the then Solicitor of the Treasury, to secure this debt, and the mortgage was promptly put on record. There was no evidence that the existence of the deed to Breese was known to the agents of the government at the time when this mortgage was taken by it.
 On the 1st of September, 1841, the United States filed a bill to foreclose the mortgage. The bill was in ordinary form against Russell, but it contained a clause alleging that Francis Peyton, Gordon Hubbard, Josiah Breese, H. S. Fuller, Augustus Garrett, Frederick Fraylor, and several others named, 'commissioners of school lands, have or pretend to have some interest or claim upon the above described premises as judgment creditors or otherwise;' and process was accordingly prayed against them.
 A summons with subpoena issued accordingly, the record saying —
 'Which said subpoena went into the hands of the marshal to be executed, and was returned by him into the said clerk's office, executed upon all of the defendants by delivering to each of them true copies thereof.'
 The marshal's return, however, on the summons itself, which it was shown by the fee-bill on file in the case was the only summons issued, while making return that certain of the defendants named had been served, stated that Breese and the rest had not been found in his district.
 An order taking the bill pro confesso against the defendants was subsequently entered, reciting 'that the said defendants have been duly served with process and have failed to appear.'
 Final decree having been entered, and sale made, the lands were bought in by the United States, whose title by means of a deed from the Solicitor of the Treasury, in whose name the title had been made, became subsequently vested in W. W. Corcoran, who conveyed to W. B. Morris.
 The title in Breese under the deed of 1837 of Russell to him became, on the other hand, vested in one Dirst, and he in 1864 having taken possession of the land, which till then had been unoccupied, Morris brought ejectment against him.
 The case was tried by the court, under the act of Congress of March 2d, 1865,[1] authorizing the Circuit Courts on written stipulation of the parties to try issues of fact without the intervention of a jury, and enacting that 'the findings of the court upon the facts shall have the same effect as the verdict of a jury.'
 On this trial before the court the plaintiff, having first put in the mortgage to the government, offered in evidence the record of the foreclosure suit, to which the defendant objected, on the ground (amongst others) that Breese had not been served with process in the cause. To prove this he referred to the record itself, and also proved by parol that Breese was not in Chicago in 1841, but was in New York; and further produced the original subpoenas and files in the cause. As already stated, the papers showed that Breese had been made a party to the bill, and that his name had been included in the subpoena; and the record recited that the subpoena was returned by the marshal into the clerk's office executed upon all the defendants; but the return of the subpoena did not show any service on Breese. Nevertheless the court admitted the record in evidence, and the defendant excepted.
 The plaintiff also offered in evidence the deed from the Solicitor of the Treasury (representing the government) to Corcoran, the plaintiff's grantor. The defendant objected to it on the ground that it did not appear thus far in the proceedings, that the United States had any title to the premises in controversy, except as mortgagee, and that as the deed did not purport to assign or convey to the grantee any part of the mortgage debt, and, as the defendant maintained that it did not appear that the mortgage had been foreclosed as against Breese, the owner of the equity of redemption,—therefore, that the said deed did not pass to the grantee any legal title or estate to the premises. The court, however, received the deed, and the defendant excepted.
 The defendant, on his part, produced Breese's deed and mesne conveyances to himself, and evidence to show that under this title, in 1864, he had taken possession of the property, which, till then, was unoccupied. He now insisted that his right was paramount to that of the plaintiff. But the court decided that the plaintiff was entitled to recover, notwithstanding the possession taken by the defendant, and found the issues generally in the plaintiff's favor. This ruling of the court at the close of the trial was alleged by the defendant as an additional error.
 
 Mr. S. W. Fuller, for the plaintiffs in error:
 
 1. Breese being the owner and holder of the equity of redemption in the mortgaged premises, no effectual foreclosure of the mortgage could be made without his being made a party defendant to the foreclosure suit, brought into court, and subjected to its jurisdiction. This is familiar law.
 2. Taking the record in the foreclosure suit and the parol testimony, it affirmatively appears that Breese was not served with process or otherwise brought into court in that suit. It is not pretended that he entered an appearance.
 Of course, every presumption should be indulged to uphold the validity of judicial proceedings; and they will be upheld where the records are consistent with themselves, and where the recitals or presumptions contained in one part of the record are not rebutted by positive proof in other parts. But they are so rebutted here. The summons shows explicitly that it was not served upon Breese; the whole record, taken together, shows that but one summons was issued. There is no pretence of his appearance having been entered. The proof outside the record shows that he could not have been served. If the summons was not preserved in the record with the return of the officer, showing who were and who were not served, then the recital of service in the decree would be prim a facie evidence that all the defendants were served, as was held by this court in Comstock v. Crawford,[2] and in Secrist v. Green.[3] But this is not either of those cases. It is the case of Sibley v. Waffle,[4] where, notwithstanding the recital that 'due service' had been made upon all the defendants, it appeared, by reference to the notice of publication, that the notice had not been published for the length of time required by law, and so the Court of Appeals decided that no jurisdiction was acquired, and that the recital did not aid the matter. The doctrine of that case is declared in many other cases.[5] Its correctness is obvious.
 Most of the cases on the whole subject are collected and classified, with excellent discrimination, in the seventh edition of Smith's Leading Cases.[6] We select and cite only those which involve the precise point raised upon this record, that is to say, that while in the absence of the summons and return from a record, a recital in the judgment or decree, of service of process upon the parties, or that they entered their appearance, is sufficient prim a facie evidence of that fact, yet when the original summons and return are contained in the record, the latter shall prevail, and the recitals go for nothing.
 Setting out with this as a settled and obvious principle, the recital in the order of court taking the bill pro confesso, that the defendants had been 'duly served,' must be construed as including only the defendants who appeared by the officer's return to have been served; the only construction consistent with law, the record, and justice.
 3. The deed from the United States to Corcoran was improperly admitted for the reasons assigned at the trial.
 The rule on the subject is probably not uniform in the State courts, but it is believed to be settled in this court and for all the Federal circuits by Hutchins v. King.[7] It is there said:
 'The mortgagee cannot by conveyance transfer any interest in the premises without a transfer of the debt secured; his interest is not subject to attachment or seizure on execution; he cannot remove the buildings on the premises, nor the fixtures attached; nor can he subject the premises to any uses but such as may furnish the means for the payment of the debt secured, without impairing the value of the estate.'
 4. As to the equities, though Corcoran paid his money to the United States for the deed which he received, and also paid the taxes on the land in controversy until 1864, yet, on the other hand, Dirst paid his money and took possession of the premises in 1864 (the same being then and having always been vacant and unoccupied), under the chain of title derived from Breese, the first grantee of Russell, believing that Breese and his grantees had the better title. His title was a paramount title.
 On the whole case the judgment should have been for the defendant. How the court decided that the plaintiff was entitled to recover, notwithstanding the possession taken by the defendant, and found the issues generally in the plaintiff's favor, it is difficult for us on the evidence to see. This court, we submit, must reverse that judgment.
 
 Messrs. Carlisle and McPherson (a brief of Mr. Thomas Dent being filed on the same side) contra:
 
 Mr. Justice BRADLEY delivered the opinion of the court.
 
 
 1
 We think that there was no error in admitting in evidence the record of the foreclosure suit, whether Breese was served with the subpoena or not. If he was not served, and could show that fact, he was not bound by the decree. But the decree and sale formed a link in the plaintiff's chain of title from Russell, and at this stage of the cause the deed from Russell to Breese had not been given in evidence. So far as yet appeared, the evidence was not only admissible, but effective to transfer the title. But it was admissible in any view, for it tended to show title from a party formerly seized, and the plaintiff had a right to exhibit it, subject to such decision with regard to its effect as might become necessary after all the evidence was in.
 
 
 2
 The same remarks apply to the admission of the deed from the Solicitor of the Treasury to the plaintiff's grantor.
 
 
 3
 The only other alleged error necessary to be noticed is the ruling of the court at the close of the trial.
 
 
 4
 The particular reason why, or ground on which the court decided that the plaintiff was entitled to recover, notwithstanding the possession taken by the defendant, and found the issues generally in the plaintiff's favor, is not specified. The court was exercising the functions of both court and jury, and whether, as matter of fact, it regarded the proof sufficient to show that Breese had been served with process in the foreclosure suit, or whether, as matter of law, it regarded that fact as not material, or what other view of the case it may have taken, does not appear, and therefore no error can be asserted in the decision. This court, sitting as a court of error, cannot pass, as it does in equity appeals, upon the weight or sufficiency of the evidence; and there was no special finding of the facts. Had there been a jury, the defendant might have called upon the court for instructions, and thus raised the questions of law which he deemed material. Or, had the law, which authorizes the waiver of a jury, allowed the parties to require a special finding of the facts, then the legal questions could have been raised and presented here upon such findings as upon a special verdict. But, as the law stands, if a jury is waived and the court chooses to find generally for one side or the other, the losing party has no redress on error, except for the wrongful admission or rejection of evidence.
 
 
 5
 However, as there was no proof that the government agents, when the mortgage was given, had any notice of Breese's unrecorded deed, and as the mortgage in such case would have the superior efficacy, and would entitle the mortgagee or his assigns to possession of the land on nonpayment of the money at maturity, we do not see on what possible ground the defendant could have claimed to succeed.
 
 
 6
 No error appearing on the record, the judgment of the court below is
 
 
 7
 AFFIRMED.
 
 NOTE.
 
 8
 At the same time with the preceding case was heard another from the same Circuit Court, and similar to it in all respects, with, however, one additional feature. It was the case of
 
 
 
 [1]
 12 Stat. at Large, 501.
 
 
 [2]
 3 Wallace, 403.
 
 
 [3]
 Ib. 751.
 
 
 [4]
 16 New York, 189.
 
 
 [5]
 Tunis v. Withrow, 10 Iowa, 308; Harris v. Hardeman et al., 14 Howard, 338; Lessee of Walden v. Craig's Heirs et al., 14 Peters, 152; Bodurtha and another v. Goodrich, 3 Gray, 508; Bloom et al. v. Burdick, 1 Hill, 130; Clark v. Thompson, 47 Illinois, 27; Pardon v. Dwire et al., 23 Illinois, 572; Comstock v. Crawford, 3 Wallace, 396.
 
 
 [6]
 Vol. 1, part 2, pp. 1009 to 1025.
 
 
 [7]
 1 Wallace, 58.