DUNSMUIR v. SCOTT, Collector of Internal Revenue.

(Circuit Court of Appeals, Ninth Circuit. October 13, 1914.)

No. 2386.

1. APPEAL AND ERROR (§ 671*)—TRIAL BY COURT—GENERAL FINDING—REVIEW.

Rev. St. § 649 (U. S. Comp. St. 1913, § 1587), provides that issues of fact in civil cases may be tried by the court with the written consent of the parties to waive a jury, and that the court's finding on the facts, which may be general or special shall have the effect of a verdict. Section 700 (U. S. Comp. St. 1913, § 1668) declares that when an issue of fact in a civil case is tried by the court without a jury, the court's rulings in the progress of the trial, if excepted to, and presented by bill of exceptions, may be reviewed, and when the finding is special the rule may extend to the determination of the sufficiency of the facts found to support the judgment. *Held*, that where a civil case is tried to the court and a general finding made, a review by the appellate court is limited to such rulings of the trial court in the progress of the trial as are presented by a bill of exceptions, which cannot be used to bring up the oral testimony for review.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2867–2872; Dec. Dig. § 671.*]

**2.** APPEAL AND ERROR (§ 842*)—SCOPE OF REVIEW—FINDINGS.

Whether at the close of the trial there is substantial evidence to sustain a finding in favor of one of the parties is a question of law which may be raised in an action tried to a jury by a request for a peremptory instruction and an exception to the refusal thereof, or, in case the trial is to the court, by a motion which presents the issue of law to the court for its determination, at or before the end of the trial, as by a motion or request for a special finding, and an exception to the denial thereof.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3316-3330; Dec. Dig. § 842.*]

**3.** JUDGMENT (§ 828*)—RES JUDICATA—DETERMINATION OF DISMISSAL—DISTRIBUTION OF ESTATE.

Where a court exercising probate jurisdiction, in the course of a decree of final distribution recited a finding that testator was a resident of and domiciled in British Columbia, but was temporarily residing in the city and county of San Francisco, such determination was not res judicata as to testator's domicile as against the United States in proceedings to assess a war revenue tax on a legacy bequeathed by the will.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1556-1558; Dec. Dig. § 848.*]

In Error to the District Court of the United States for the Second Division of the Northern District of California; Wm. C. Van Fleet, Judge.

Action by James Dunsmuir against Joseph J. Scott, Collector of Internal Revenue, substituted in the place of August E. Muenter. Judgment for defendant, and plaintiff brings error. Affirmed.

The plaintiff in error brought an action against the defendant in error, the Collector of Internal Revenue, for the First collection district of the state of California, to recover the sum of $2,968.80, paid under protest to such collector as a tax under the provisions of the War Revenue Act of June 13, 1898, upon the legacy received by the plaintiff in error under the will of Alexander Dunsmuir. As alleged in the complaint, the right to recover the amount of the tax so paid was based upon two grounds: First, that Alexander Dunsmuir was domiciled in British Columbia at the time of his death, and that therefore the legacy was not subject to the tax; and, second, that the legacy had no taxable value by reason of the fact that it was burdened with the payment of an annuity of $25,000. The answer alleged that Alexander Dunsmuir was domiciled in California at the time of his death, and denied that the legacy had no taxable value. A jury trial was waived, and the cause was tried before the court. At the close of the testimony the court made a general finding for the defendant, and judgment was entered accordingly.

Andrew Thorne and Walton C. Webb, both of San Francisco, Cal., for plaintiff in error.

John W. Preston, U. S. Atty., and M. A. Thomas, Asst. U. S. Atty., both of San Francisco, Cal., for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge (after stating the facts as above). The plaintiff in error contends that there is no evidence to support the finding of the District Court that Alexander Dunsmuir was domiciled in San Francisco at the time of his death, and to sustain that contention presents to this court by a bill of exceptions the testimony received in the court below.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1] Under the provisions of Act March 3, 1865, 13 Stat. 501, Rev. St. §§ 649, 700 (U. S. Comp. St. 1913, §§ 1587, 1668), the rule is well settled that if a jury trial is waived, and a general finding is made by the court, review in an appellate court is limited to such rulings of the trial court in the progress of the trial as are presented by a bill of exceptions, and that the bill of exceptions cannot be used to bring up the oral testimony for review. Norris v. Jackson, 9 Wall. 125, 19 L. Ed. 608; Dirst v. Morris, 14 Wall. 484, 491, 20 L. Ed. 722; Grayson v. Lynch, 163 U. S. 468, 16 Sup. Ct. 1064, 41 L. Ed. 230; Streeter v. Sanitary District of Chicago, 133 Fed. 124, 66 C. C. A. 190; Hill v. Walker, 167 Fed. 241, 256, 92 C. C. A. 633; W. L. Perkins & Co. v. Von Baumbach, 185 Fed. 265, 107 C. C. A. 371; New York Life Ins. Co. v. Dunlevy, 214 Fed. 1, 130 C. C. A. 473. In Dirst v. Morris, Mr. Justice Bradley said:

"But as the law stands, if a jury is waived and the court chooses to find generally for one side or the other, the losing party has no redress on error, except for the wrongful admission or rejection of evidence."

[2] The question whether or not, at the close of the trial, there is substantial evidence to sustain a finding in favor of one of the parties to the action is a question of law which arises in the progress of the trial. Where the trial is before a jury that question is reviewable on exception to a ruling upon a request for a peremptory instruction for a verdict. Where the trial is before the court, it is reviewable upon a motion which presents that issue of law to the court for its determination at or before the end of the trial. In the case at bar there was no such motion and no request for a special finding. We are limited, therefore, to a review of the rulings of the court to which exceptions were reserved during the progress of the trial.

[3] Error is assigned to the admission of evidence which was offered as tending to prove that the place of domicile of Alexander Dunsmuir was, at the time of his death, in California. It is said that it was error to admit such testimony, for the reason that the decedent's domicile had been fixed and established by the judgment of the superior court of the state of California of date June 3, 1901, a copy of which judgment was introduced in evidence by the plaintiff in error. That judgment, as it appears by the record, was not a judgment admitting to probate the last will and testament of Dunsmuir, but was a decree of settlement of the final account of the executor, and the final distribution of the estate of the decedent in the state of California. In the course of the judgment it is recited that Dunsmuir was, at the time of his death, a resident of and domiciled at Victoria, British Columbia, but was temporarily residing in the city and county of San Francisco, "as appears from the evidence, both oral and documentary, introduced upon the hearing of the petition for distribution."

Passing the question whether such a finding was appropriately within the scope of such a decree of final settlement and distribution, we turn to the question whether the finding of the probate court as to the domicile of the decedent is res judicata as to the defendant in error herein. In Thormann v. Frame, 176 U. S. 350, 20 Sup. Ct. 446, 44 L. Ed. 500, it was held that the appointment of an executor or administrator of a

deceased person by the courts of one state cannot be held to foreclose inquiry as to the domicile of the deceased in the courts of another state, the court ruling that the judgment in rem of a probate court binds only property within the control of the court which rendered it, and citing with approval the case of De Mora v. Concha, 29 Ch. Div. 268, affirmed in the House of Lords, 11 App. Cas. 541, holding that the decree of a probate court is not conclusive in rem as to domicile, and intimating that the findings on which judgments in rem are based are not in all cases conclusive against the world. In Overby v. Gordon, 177 U. S. 214, 20 Sup. Ct. 603, 44 L. Ed. 741, it was held that the mere finding by a probate court of the fact of domicile in a proceeding in rem did not conclusively bind all the world as to that fact. In Tilt v. Kelsey, 207 U. S. 43, 28 Sup. Ct. 1, 52 L. Ed. 95, it was reaffirmed that an adjudication by a probate court that a testator was a resident of the state in which the court was held was not necessarily conclusive on the question of domicile, nor even evidence of it in a collateral proceeding. And although the court in that case held that the Surrogate Court of the county of New York had not the jurisdiction to decree the payment of a transfer tax alleged to be due the state of New York under a statute requiring the payment of such a tax where the decedent was a resident of that state, and so held on the ground that the decedent's will had been admitted to probate in New Jersey with an adjudication that he was a resident of that state, and proceedings thereupon had been had whereby his whole estate had there been distributed in accordance with the terms of the will, the decision was based expressly upon the ground that to permit the proceeding in the court of New York would be to deny full faith and credit to the judicial proceeding in the state of New Jersey, in violation of article 4, § 1, of the Constitution, since the effect of the judgment in the New York court would be pro tanto to set aside the judgment of the court of New Jersey. But the Supreme Court in the course of the opinion reaffirmed the doctrine of the cases above cited, and quoted with approval Brigham v. Fayerweather, 140 Mass. 411, 5 N. E. 265, in which the difference in the effect of a judgment on the res before the court and of the adjudication of the facts on which the judgment is based had been pointed out, and it had been held that the decree of a probate court admitting a will to probate was not, on an issue between parties, one of whom was not a party to the probate proceeding, competent evidence of the testator's mental capacity.

In the case now before us, the judgment of the court below had no effect upon the res which was before the probate court of California, and it has not the effect to disturb in any way the decree of that court as to the distribution of the property which was before it. It affects only the question of the liability of one of the legatees to pay a war tax on the legacy which he received under the will, and we hold that the right of the government to collect that tax is not precluded by the finding of the probate court that the domicile of Alexander Dunsmuir was in British Columbia. There was no error, therefore, in the admission of evidence which tended to show that his domicile was in California.

The judgment is affirmed.