### SIERRA LAND & LIVE STOCK CO. v. DESERT POWER & MILL CO.

#### (Circuit Court of Appeals, Ninth Circuit. February 7, 1916.)

#### No. 2619.

1. APPEAL AND ERROR ☞1008—REVIEW—SUFFICIENCY OF EVIDENCE TO SUPPORT GENERAL FINDING.

Under Rev. St. § 700 (Comp. St. 1913, § 1668), providing that, when an issue of fact in any civil cause is tried and determined by the court without a jury, the rulings of the court in progress of the trial, if excepted to at the time and duly presented by a bill of exceptions, may be reviewed upon writ of error or appeal, and that when the finding is special the review may extend to a determination of the sufficiency of the facts found to support the judgment, an appellate court cannot, on writ of error, inquire into the sufficiency of the testimony to support a general finding, where at the close of the testimony there was no application for a declaration of law that upon the whole case the finding should be for plaintiff or for defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3955–3960, 3962–3969; Dec. Dig. ☞1008.]

2. APPEAL AND ERROR ☞987—REVIEW—SUFFICIENCY OF EVIDENCE TO SUPPORT GENERAL FINDING.

The parties to an action tried without a jury cannot by consent or stipulation authorize the Circuit Court of Appeals to review the sufficiency of the evidence to support a general finding, as the authority of that court is regulated by statute, and its jurisdiction cannot be enlarged or extended by consent or stipulation of the parties.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3893–3896; Dec. Dig. ☞987.]

In Error to the District Court of the United States for the District of Nevada; Edward S. Farrington, Judge.

Action by the Sierra Land & Live Stock Company against the Desert Power & Mill Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Sweeney & Morehouse, of Reno, Nev., for plaintiff in error.

Hugh H. Brown and J. H. Evans, both of Tonopah, Nev., for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and RUDKIN, District Judge.

RUDKIN, District Judge. This was an action to recover damages for the loss of a band of sheep, poisoned by cyanide which escaped from the milling and reduction works of the defendant in error, near the town of Millers, in Esmeralda county, Nev. By stipulation of parties the case was tried by the court without the intervention of a jury. The court made the general finding, "And the court, having fully considered the premises, finds the issue in favor of the defend-

ant," and entered a judgment accordingly. To reverse this judgment the present writ of error was sued out.

[1] Section 700 of the Revised Statutes (Comp. St. 1913, § 1668) provides:

"When an issue of fact in any civil cause in a Circuit Court is tried and determined by the court without the intervention of a jury, according to section six hundred and forty-nine, the rulings of the court in the progress of the trial of the cause, if excepted to at the time, and duly presented by a bill of exceptions, may be reviewed by the Supreme Court upon a writ of error or upon appeal; and when the finding is special the review may extend to the determination of the sufficiency of the facts found to support the judgment."

Under this section it has been repeatedly held by the Supreme Court that an appellate court cannot, on writ of error, inquire into the sufficiency of the testimony to support a general finding. Thus in Dirst v. Morris, 14 Wall. 484, 491 (20 L. Ed. 722), the court said:

"But, as the law stands, if a jury is waived and the court chooses to find generally for one side or the other, the losing party has no redress on error, except for the wrongful admission or rejection of evidence."

In Insurance Co. v. Folsom, 18 Wall. 237, 254 (21 L. Ed. 827), the court said:

"Like a special verdict, a special finding furnishes the means of reviewing such questions of law arising in the case as respect the sufficiency of the facts found to support the judgment; but where the finding is general the losing party cannot claim the right to review any questions of law arising in the case, except such as grow out of the rulings of the Circuit Court in the progress of the trial, which do not in any proper sense include the general finding of the Circuit Court, nor the conclusions of the Circuit Court embodied in such general finding, as such findings are in the nature of a general verdict and constitute the foundation of the judgment."

To the same effect, see Cooper v. Omohundro, 19 Wall. 65, 22 L. Ed. 47.

In Stanley v. Supervisors of Albany, 121 U. S. 535, 547, 7 Sup. Ct. 1234, 1238 (30 L. Ed. 1000) the court said:

"And the first assignment of error is that the court erred in deciding that the plaintiff failed to establish the allegations mentioned, and the greater part of the oral argument of the plaintiff's counsel and of his printed brief was devoted to the maintenance of this proposition, which is nothing more than that the court below found against the evidence—a question not open to review or consideration in this court. Only. rulings upon matters of law, when properly presented in a bill of exceptions, can be considered here, in addition to the question, when the findings are special, whether the facts found are sufficient to sustain the judgment rendered. This limitation upon our revisory power on a writ of error in such cases is by express statutory enactment. Act March 3, 1865, § 4, 13 Stat. c. 86; Rev. Stat. § 700."

In Lehnen v. Dickson, 148 U. S. 71, 73, 13 Sup. Ct. 481, 482 (37 L. Ed. 373), after quoting section 700 of the Revised Statutes, supra, the court said:

"Under that, the rulings of the court in the trial, if properly preserved, can be reviewed here, and we may also determine whether the facts as specially found support the judgment; but if there be no special findings, there can be no inquiry as to whether the judgment is thus supported."

Notwithstanding these positive declarations by the Supreme Court, it has been held that the sufficiency of the testimony to support a gen-

eral finding may be brought before the appellate court for review by an application to the trial court for a declaration of law that upon the whole case the finding should be for the plaintiff or for the defendant, as the case may be, and an exception to the refusal to grant the application, after the analogy of a request for a peremptory instruction at the close of the testimony where the case is tried before a jury. Thus, in Dunsmuir v. Scott, 217 Fed. 200, 202, 133 C. C. A. 194, 196, after quoting the language of Mr. Justice Bradley in Dirst v. Morris, supra, this court said:

"The question whether or not, at the close of the trial, there is substantial evidence to sustain a finding in favor of one of the parties to the action is a question of law which arises in the progress of the trial. Where the trial is before a jury that question is reviewable on exception to a ruling upon a request for a peremptory instruction for a verdict. Where the trial is before the court, it is reviewable upon a motion which presents that issue of law to the court for its determination at or before the end of the trial. In the case at bar there was no such motion, and no request for a special finding. We are limited, therefore, to a review of the rulings of the court to which exceptions were reserved during the progress of the trial."

Inasmuch as the finding of the court stands upon the same footing as the verdict of the jury, the wisdom and justice of this rule is apparent. But, conceding that the sufficiency of the testimony to support a general finding may be brought before the appellate court for review in this manner, no such motion or application was made to the trial court in the case at bar, and no exception was reserved to the refusal of the court to so rule; and we are therefore limited to a review of such rulings as were excepted to during the progress of the trial. No ruling of that kind has been called to our attention by the assignments of error, and the judgment should be affirmed.

[2] This particular objection was not urged by the defendant in error, and it was stated on the oral argument that the parties had agreed to submit the case on its merits, regardless of the state of the record or of technical objections thereto. The objection in question is not a technical one, however. The authority of this court as an appellate tribunal is regulated by the acts of Congress, and its jurisdiction cannot be enlarged or extended by consent or stipulation of parties. But even if we were to waive all these objections it would not avail the plaintiff in error. The opinion of the court shows that the general finding for the defendant was based upon the ground that the proximate cause of the injury and loss was the want of ordinary care on the part of those in charge of the band of sheep, and this conclusion finds ample support in the testimony.

Finding no error in the record, the judgment is affirmed.