PROCTOR COAL CO. v. UNITED STATES FIDELITY & GUARANTY CO.

UNITED STATES FIDELITY & GUARANTY CO. v. PROCTOR COAL CO.

(Circuit Court of Appeals, Fifth Circuit. October 26, 1916. Rehearing Denied December 1, 1916.)

No. 2908.

1. APPEAL AND ERROR ☞843(1)—REVIEW—QUESTIONS PRESENTED FOR REVIEW.
   Where assignments of error on a cross-writ were contingent and in the alternative, they need not be reviewed, where judgment for defendant, which sued out the cross-writ, was affirmed.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3331–3335, 3337–3341; Dec. Dig. ☞843(1).]

2. APPEAL AND ERROR ☞537—RECORD—BILLS OF EXCEPTION—TIME OF MAKING.
   Bills of exception, allowed long after the term at which judgment was rendered and adjourned, cannot be considered, where there was no order,

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

agreement of counsel, or rule of court extending the time for exceptions beyond the term at which the judgment was rendered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2404, 2405; Dec. Dig. ☞537.]

3. APPEAL AND ERROR ☞637—RECORD—BILLS OF EXCEPTION—ASSIGNMENTS OF ERROR—CONSIDERATION.

Where during the trial the parties submitted the cause to the judge, and there was no agreed statement of facts, or any special finding of facts, and bills of exception were not taken in such time that they could be considered, assignments of error, complaining of the sustaining of a demurrer to the petition and of the rendition of judgment in favor of defendant, must be overruled.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2784, 2829; Dec. Dig. ☞637.]

In Error to the District Court of the United States for the Northern District of Georgia; William T. Newman, Judge.

Suit by the Proctor Coal Company against the United States Fidelity & Guaranty Company. There was a judgment for defendant, and plaintiff brings error, while defendant assigned errors in the alternative on a cross-writ. Affirmed.

James Quarles, of Louisville, Ky., for plaintiff in error.

Alex W. Smith and T. A. Hammond, both of Atlanta, Ga., for defendant in error.

Before PARDEE and WALKER, Circuit Judges, and CALL, District Judge.

PARDEE, Circuit Judge. This is a suit on a guaranty bond. The errors assigned in the main writ are as follows:

"(1) The court erred in its ruling of June 25, 1913, sustaining the defendant's demurrer to the petition, and in holding that the plaintiff could recover only for loss sustained during the period covered by the last renewal of the guarantee bond sued on.

"(2) The court erred in rendering judgment in favor of the defendant on the question of liability of defendant to the plaintiff.

"(3) The court erred in rendering a judgment awarding a recovery of costs against the plaintiff."

[1] The assignments of error on the cross-writ are contingent and in the alternative, and in the view we take of the case need not be considered.

[2, 3] During the progress of the trial, the parties waived a trial by jury and submitted the cause to the judge, who made a general finding in favor of the defendant. There was no agreed statement of facts, nor any special finding of facts. The opinions of the judge, filed during the progress of the trial, are argumentative, and can in no sense be taken as special or general findings of fact in the case. The bills of exception found in the record were not seasonably taken, the same being allowed long after the term of court at which the judgment was rendered was adjourned. The record discloses no order, agreement of counsel, nor rule of court extending the time for exceptions beyond the term at which the judgment complained of

was rendered. See United States v. Thibodeaux, 232 Fed. 92, —— C. C. A. ——, and generally Sierra Land & Live Stock Co. y. Desert Power & Mill Co., 229 Fed. 982, 144 C. C. 264.

None of the assignments of error on the main writ are well taken, and under the circumstances disclosed by the record we are constrained to affirm the judgment; and it is so ordered.