## MARYLAND CASUALTY CO. OF BALTIMORE, MD., v. ORCHARD LAND & TIMBER CO.

(Circuit Court of Appeals, Ninth Circuit. February 26, 1917.)

No. 2751.

1. APPEAL AND ERROR ⬌209(1)—REVIEW—QUESTIONS PRESENTED.

Rev. St. §§ 649, 700 (Comp. St. 1913, §§ 1587, 1668), made applicable to District Courts by Judicial Code (Act March 3, 1911, c. 231) §§ 289–291, 36 Stat. 1167 (Comp. St. 1913, §§ 1266–1268), declare that issues of fact in civil cases may be tried and determined by the court without the intervention of jury, whenever the parties or their attorneys of record file with the clerk a written stipulation waiving a jury, the finding of the court, which may be either general or special, having the same effect as the verdict of the jury, and that, when an issue of fact in any civil cause is tried and determined by the court without the intervention of a jury, the rulings of the court in the progress of the trial of the cause, if excepted to at the time and duly presented by a bill of exceptions, may be reviewed upon writ of error or upon appeal, and when the finding is special the review may extend to the determination of the sufficiency of the facts found to support the judgment. In an action tried to the District Court without a jury, plaintiff in error, the defendant below, made no objections and reserved no exceptions to the introduction of evidence, and made no motion or request for special findings of fact. Held, that assignments of error that the court did not make findings of fact and conclusions of law covering the issues presented by the pleadings that there was no evidence and insufficient evidence to justify the findings of fact cannot be reviewed, for where a jury is waived, and the court chooses to find generally for one side or the other, the losing party has no redress on error, except for the wrongful admission or rejection of evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1290.]

2. APPEAL AND ERROR ⬌977(1)—NEW TRIAL ⬌6—CIRCUIT COURT OF APPEALS—REVIEW.

A motion for new trial is addressed to the sound discretion of the lower court, and cannot be reviewed by the Circuit Court of Appeals on writ of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3860; New Trial, Cent. Dig. §§ 9, 10.]

3. COURTS ⬌405(17)—CIRCUIT COURT OF APPEALS—REVIEW—ASSIGNMENTS OF ERROR.

Rules 11 and 24 for the Circuit Courts of Appeals (150 Fed. xxvii, xxxiii, 79 C. C. A. xxvii, xxxiii), both providing that errors not specified according to the rules will be disregarded, but that the court at its option may notice a plain error not assigned or specified, apply to the assignment of errors in the Circuit Court of Appeals, and do not warrant the review in an action tried to the court of matters not reviewable under Rev. St. § 700, because not presented below.

In Error to the District Court of the United States for the District of Oregon; R. S. Bean, Judge.

Action by the Orchard Land & Timber Company, a corporation, against the Maryland Casualty Company of Baltimore, Md., a corporation. There was a judgment for plaintiff, and defendant brings error. Affirmed.

Action upon a policy of insurance issued by the plaintiff in error to indemnify the defendant in error against loss from the liability imposed by law upon the defendant in error for damages on account of bodily injuries suffered

⬌For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

by one of its employés. Plaintiff in error pleads no loss within the terms of the policy. Judgment for the defendant in error. The plaintiff in error will hereafter be designated as the Casualty Company, and the defendant in error as the Timber Company.

On June 5, 1912, the Casualty Company, a Maryland corporation, issued to the Timber Company, an Oregon corporation, its policy No. A–34208, by the terms of which the Casualty Company agreed to indemnify the Timber Company against loss from the liability imposed by law upon the Timber Company for damages on account of bodily injuries, including death resulting therefrom, suffered by any employé of the Timber Company, while upon the premises, or upon the sidewalks, or other ways immediately adjacent thereto, provided for the use of the employés of the Timber Company or the public, and occupied by the Timber Company in the conduct of its business, within a period of 12 months beginning on the 5th day of June, 1912, upon which policy a premium of $140 was then paid by the Timber Company to the Casualty Company.

On the 8th day of June, 1912, O. W. Dunne was employed in and about the mill of the Timber Company, situated in Lane county, Or., and while in such employment, and engaged in work in and about the mill and yards of the Timber Company, Dunne was seriously injured. On October 9, 1912, Dunne brought an action at law in the circuit court of the state of Oregon, for Lane county, against the Timber Company, setting forth the injuries received, and praying for judgment in the sum of $15,000, besides his costs and disbursements. The Casualty Company was promptly notified of such injuries, as required by the terms of the contract of indemnity, and when the action was brought the Casualty Company was promptly notified thereof, and the complaint and other papers in the case were promptly transmitted to the Casualty Company. The Casualty Company thereupon assumed entire charge and control of the conduct and defense of the action, under and pursuant to the terms of the contract of indemnity. Upon the trial in the circuit court of Lane county, Or., a judgment was entered in favor of Dunne and against the Timber Company in the sum of $7,500, and for his costs and disbursements, taxed and allowed in the sum of $102.60. Thereafter the Casualty Company declined to settle the claim and judgment, and in the name of the Timber Company took an appeal from the judgment to the Supreme Court of the State of Oregon, where the judgment of the lower court was affirmed.

Thereafter Charles A. Hardy, attorney for Dunne, procured an execution to be issued against the Timber Company, and had a notice to garnishee served upon the Casualty Company, but the latter proceeding was dismissed. The Dunne judgment remaining unsatisfied, Hardy obtained from the Timber Company its promissory note for the amount of the judgment, together with an assignment of any judgment which the Timber Company might recover in the present action as security, and in consideration thereof had the Dunne judgment satisfied of record. He then brought this action, in the name of the Timber Company, against the Casualty Company, to recover the amount of the Casualty Company's liability under the contract of indemnity above referred to.

The casualty company answered, admitting all the allegations of the complaint, with the exception of the allegation that the Timber Company had paid the judgment in favor of Dunne. With respect to this allegation the Casualty Company alleged that "plaintiff has not sustained any loss for any liability imposed by law upon the assured for damages on account of bodily injuries accidentally suffered by any employé of the assured, or by the said O. W. Dunne referred to in said plaintiff's amended complaint, and said defendant [the Casualty Company] alleges that said plaintiff [the Timber Company] did not, on or about the 11th day of November, 1914, or at any other time, pay the judgment referred to in said plaintiff's [Timber Company's] amended complaint, and in paragraph VIII thereof."

The case was thereafter tried before the District Court, sitting without a jury, and on October 18, 1915, the court found generally "that by reason of all the matters and things set forth in the complaint, the plaintiff, Orchard Land & Timber Company, suffered and sustained damages in the sum of $5,-000, together with interest thereon, * * * amounting to $246.50." Judg-

ment was thereupon entered in favor of the Timber Company and against the Casualty Company for $5,246.50 and costs taxed at $20.40.

Wilbur, Spencer & Beckett and F. C. Howell, all of Portland, Or., for plaintiff in error.

Charles A. Hardy, of Eugene, Or., and Clark, Skulason & Clark, of Portland, Or., for defendant in error.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

MORROW, Circuit Judge (after stating the facts as above). 1. This is an action to recover the amount of a policy indemnifying the Timber Company against loss from the liability imposed by law upon the insured for damages on account of bodily injuries accidentally suffered by one of its employés. A jury having been waived by stipulation of the parties, the case was tried by the court without a jury. The court found, generally, "that by reason of all the matters and things set forth in the complaint, the plaintiff [the Timber Company] * * * suffered and sustained damages in the sum of $5,000, together with interest thereon * * * amounting to $246.50," and as a conclusion of law the court found "that the plaintiff, Orchard Land & Timber Company, is entitled to judgment against the defendant, Maryland Casualty Company of Baltimore, for the sum of $5,246.50, besides the costs and disbursements of this action," and judgment was entered accordingly.

[1] The case comes here on writ of error. The errors assigned are that the court did not make findings of fact and conclusions of law covering the issues presented by the pleadings; that there was no evidence, and not sufficient evidence, to justify and support the findings of fact; that the evidence and findings were not sufficient to justify or authorize the conclusions of law; that there was no evidence to justify the judgment; and that the court erred in not granting defendant's motion for a new trial.

Section 649 of the Revised Statutes (Act March 3, 1865, c. 86, § 4, 13 Stat. 500, 501 [Comp. St. 1913, § 1587]) provides:

"Issues of fact in civil cases in any Circuit Court [District Court (sections 289–291, Judicial Code, 36 Stat. 1167)] may be tried and determined by the court, without the intervention of a jury, whenever the parties, or their attorneys of record, file with the clerk a stipulation in writing waiving a jury. The finding of the court upon the facts, which may be either general or special, shall have the same effect as the verdict of a jury."

Section 700 (Act March 3, 1865, § 4, 13 Stat. 500, 501 [Comp. St. 1913, § 1668]) provides:

"When an issue of fact in any civil cause in a Circuit Court [District Court (sections 289–291, Judicial Code, 36 Stat. 1167)] is tried and determined by the court without the intervention of a jury, according to section 649 the rulings of the court in the progress of the trial of the cause, if excepted to at the time, and duly presented by a bill of exceptions, may be reviewed by the Supreme Court upon a writ of error or upon appeal; and when the finding is special the review may extend to the determination of the sufficiency of the facts found to support the judgment."

In Dirst v. Morris, 14 Wall. 484, 491, 20 L. Ed. 722, the Supreme Court of the United States, referring to this statute (then Act March 3, 1865, § 4, 13 Stat. 500, 501), said:

"As the law stands, if a jury is waived and the court chooses to find generally for one side or the other, the losing party has no redress on error, except for the wrongful admission or rejection of evidence."

In Grayson v. Lynch, 163 U. S. 468, 472, 16 Sup. Ct. 1064, 1066 (41 L. Ed. 230), the court said:

"This court has held in a series of cases that the special findings of facts, referred to in the acts allowing parties to submit issues of fact in civil cases to be tried and determined by the court, is not a mere report of the evidence, but a finding of those ultimate facts upon which the law must determine the rights of the parties; and, if the findings of fact be general, only such rulings of the court in the progress of the trial can be reversed as are presented by a bill of exceptions, and that in such cases a bill of exceptions cannot be used to bring up the whole testimony for review any more than in a trial by jury."

This construction of the statute was followed by this court in Dunsmuir v. Scott, 217 Fed. 200, 202, 133 C. C. A. 194, and in Sierra Land & Live Stock Co. v. Desert Power & M. Co., 229 Fed. 982, 984, 144 C. C. A. 264. In the first-mentioned case, this court said, on page 202 of 217 Fed., page 196 of 133 C. C. A.:

"The bill of exceptions cannot be used to bring up the oral testimony for review" (citing a number of cases, including Dirst v. Morris and Grayson v. Lynch, supra).

The court said further:

"The question whether or not, at the close of the trial, there is substantial evidence to sustain a finding in favor of one of the parties to the action, is a question of law which arises in the progress of the trial. Where the trial is before a jury, that question is reviewable on exception to a ruling upon a request for a peremptory instruction for a verdict. Where the trial is before the court, it is reviewable upon a motion which presents that issue of law to the court for its determination at or before the end of the trial. In the case at bar there was no such motion, and no request for a special finding. We are limited, therefore, to a review of the rulings of the court to which exceptions were reserved during the progress of the trial."

When, upon the trial of this case, the attorney for the Timber Company, for the purpose of proving the liability of the Casualty Company upon its indemnity contract, offered in evidence its promissory note issued to Dunne for $7,602.60 and a certified copy of the judgment docket of Lane county, Or., showing satisfaction of the judgment in favor of Dunne and against the Timber Company for that amount, no objection was made to the evidence, and no exception taken to its introduction; and, as there were no objections made, and no exceptions reserved or taken during the progress of the trial, and no motion or request made for a special finding, there is nothing in the record before us to review with respect to the proceedings upon the trial of the case.

[2] 2. The denial of a motion for a new trial in the federal courts is within the discretion of the court, and where that discretion has been exercised, and there is evidence to support the findings and judgment, as in this case, the motion is not reviewable on a writ of error. Dwyer v. United States, 170 Fed. 160, 165, 95 C. C. A. 416; Hedderly v. United States, 193 Fed. 561, 571, 114 C. C. A. 227; Pickett v. United States, 216 U. S. 456, 461, 30 Sup. Ct. 265, 54 L. Ed. 566; Holmgren v. United States, 217 U. S. 509, 521, 30 Sup. Ct. 588, 54 L. Ed. 861,

19 Ann. Cas. 778; Shepard v. United States, 236 Fed. 73, 77, —— C. C. A. ——.

[3] 3. It is contended by the plaintiff in error that a review may be had under rule 11 of this court (150 Fed. xxvii, 79 C. C. A. xxvii), relating to the assignment of errors, wherein it is provided that:

"Errors not assigned according to this rule will be disregarded, but the court, at its option, may notice a plain error not assigned"

—and rule 24 (150 Fed. xxxiii, 79 C. C. A. xxxiii) relating to briefs, wherein it is provided that:

"Errors not specified according to this rule will be disregarded; but the court, at its option, may notice a plain error not assigned or specified."

These rules relate to proceedings in this court, over which we have the control here indicated; but in this case we are dealing with the proceedings in the District Court, which are regulated by statute in the matter under consideration. In the exercise of our appellate jurisdiction, we cannot disregard a statute prescribing its limitation.

The judgment of the District Court is affirmed.