H. F. DANGBERG LAND & LIVE STOCK CO. v. DAY et al.

(Circuit Court of Appeals, Ninth Circuit. January 7, 1918.)

No. 3005.

1. APPEAL AND ERROR ⬅209(1)—PRESENTATION OF GROUNDS OF REVIEW IN COURT BELOW—NECESSITY.

Where, at the close of the testimony in an action tried to the court, plaintiff made no request for a finding in its favor on the issues, and by no motion 'or request presented the question of law whether there was substantial evidence to sustain findings for defendant, the sufficiency of the evidence cannot be reviewed on appeal.

2. PAYMENT ⬅89(5)—EVIDENCE—ADMISSIBILITY.

The manager of a corporation whose stock was owned by plaintiff contracted to purchase cattle, the contract being placed in escrow. The contract was assigned to plaintiff, and, on discovery of a difference between an alleged carbon copy thereof delivered by the manager and the original contract, plaintiff repudiated the contract and sued to recover the payments. The court found that the contract placed in escrow was the one which the parties made. *Held*, that testimony of one of the officers of the purchasing company that the manager told him the carbon copy was a copy of the original contract was inadmissible; there being no issue of ratification, and such statement not having been made in the presence of defendants.

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Oscar A. Trippet, Judge.

Action by the H. F. Dangberg Land & Live Stock Company against H. C. Day and S. A. Foster, copartners doing business under the firm name and style of Day & Foster. There was a judgment for defendants, and plaintiff brings error. Affirmed.

Wm. M. Sims, of San Francisco, Cal., Olin Wellborn, Jr., and Madison Marine, both of Los Angeles, Cal., for plaintiff in error.

Wm. J. Hunsaker, E. W. Britt, Le Roy M. Edwards, and Joseph L. Lewinsohn, all of Los Angeles, Cal., and J. H. Merriam, of Pasadena, Cal., for defendant in error Day.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge. [1] The plaintiff in error brought an action against the defendants in error to recover $20,000, the first payment on a contract for the sale of land, cattle, horses, and millsites situate in the states of Arizona and New Mexico. The contract was entered into in Arizona on March 25, 1913, but the delivery of the property was not to be made until June of that year. The contract was made by one Dodson, as manager of the Highland Cattle Company, a Nevada corporation, the assignor of the plaintiff in error. It was placed in escrow with a bank at Duncan, Ariz. The whole contract price was $250,000. The capital stock of the purchasing company was held by Dangberg, Humphrey, and Dodson. Dangberg was the secretary. Dodson delivered to Dangberg and Humphrey what purported

to be a carbon copy of the contract. This copy, according to the testimony of Humphrey and Dangberg, differed from the original in escrow, in that it provided for a guaranty of the delivery of 9,000 head of cattle, while the original contract provided for no specific number of cattle. On the discovery that there were only about 7,000 head of cattle to be delivered under the contract, the purchaser declined to go further with the contract, and its assignee brought this action to recover the payment that had been made. A jury trial was waived, and, the court below made special findings of fact in favor of the defendants on the material issues of the case. One of the findings was that on or about March 25, 1913, the Highland Cattle Company, through its duly authorized agent, entered into a contract with the defendants in error, which was the written contract which had been deposited in escrow, and that no other contract was made. At the close of the testimony there was no request by the plaintiff in error for a finding in its favor on the issues, and by no motion or request did it present to the trial court the question of law whether there was substantial evidence to sustain findings for the defendant. The sufficiency of the evidence to support the findings, therefore, is not open to review in this court. Dunsmuir v. Scott, 217 Fed. 200, 133 C. C. A. 194; Pennsylvania Casualty Co. v. Whiteway, 210 Fed. 782, 127 C. C. A. 332; Wear v. Imperial Window Glass Co., 224 Fed. 60, 139 C. C. A. 622; Maryland Casualty Co. v. Orchard Land & Timber Co., 240 Fed. 364, 153 C. C. A. 290.

[2] There remains only the question whether there was error in the admission or exclusion of testimony. The plaintiff in error contends that as one of the principal issues in the case is whether or not the Highland Cattle Company ratified the contract which was signed by Dodson, it was error to sustain the defendant's motion to strike out the testimony of one of the officers of the purchasing company that Dodson told him that the carbon copy was a copy of the original contract. It is too plain to require discussion that evidence of the statement made by Dodson to his associates in the Highland Cattle Company, not in the presence of the defendants in error or either of them, was incompetent. No issue of ratification was involved in the case. The court having found that the contract which was placed in escrow was in fact the contract which the parties made, the case could present no question of ratification.

The judgment is affirmed.