<hr/>

## RAJOTTE-WINTERS, Inc., v. WHITNEY CO.

(Circuit Court of Appeals, Ninth Circuit. December 15, 1924.)

No. 4234.

1. **Appeal and error** ⊂⊃850(2)—**Only wrongful admission or rejection of evidence reviewable where jury waived and findings general.**

In an action at law, where jury was waived and no findings of fact were made and no re-

2 F.(2d)—51

quests for findings or rulings of law, the facts were not reviewable, and plaintiff in error had no redress except for wrongful admission or rejection of evidence.

2. **Evidence** ⊂⊃397(2)—**Parol evidence to vary written construction contract as to matters completely covered by it held properly excluded.**

In action by railroad contractor for moneys in addition to contract prices, evidence of circumstances and conditions under which contract was made and negotiations as to quantity or character of roadbed, methods of work, and character and amount of equipment, *held* properly excluded; the written contract completely covering such matters and expressly providing that work was accepted upon contractor's own information without reference to preliminary estimates and waiving claims for changes made by engineer.

3. **Evidence** ⊂⊃397(2)—**Written contract presumed to supersede all prior oral negotiations.**

A written contract expressly covering disputed matters is presumed to supersede all oral negotiations and to have incorporated whole engagement.

In Error to the District Court of the United States for the District of Oregon; Robert S. Bean, Judge.

Action at law by Rajotte-Winters, Inc., against the Whitney Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Alfred P. Dobson, of Portland, Or., and Wakefield & Witherspoon, of Spokane, Wash., for plaintiff in error.

Dolph, Mallory, Simon & Gearin and Edgar Freed, all of Portland, Or., for defendant in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. The plaintiff in error was the plaintiff below in two causes of action, one to recover compensation in addition to the sum provided for and to be paid to it under its contract with the defendant for the construction of a railroad bed, and one to recover moneys alleged to have been expended on behalf of the defendant in the construction work. A jury trial was waived and the cause was tried before the court. At the conclusion of the testimony the court found for the defendant and judgment was entered accordingly. There were no findings of fact.

[1] The plaintiff made no request for a finding in its favor or for a ruling upon any question of law. Such being the case, under the well-settled rule of practice in the federal courts, the plaintiff cannot assign error to the findings of the trial court on the facts of the case and can only avail itself of exceptions taken to the admission or re-

jection of testimony. Dunsmuir v. Scott, 217 F. 200, 133 C. C. A. 194; Sierra Land & Livestock Co. v. Desert Power & Mill Co., 229 F. 982, 144 C. C. A. 264; Wear v. Imperial Window Glass Co., 224 F. 60, 139 C. C. A. 622; National Surety Co. v. Lincoln County, Montana, 238 F. 705, 151 C. C. A. 555; H. F. Dangberg Land & Livestock Co. v. Day, 247 F. 477, 159 C. C. A. 531. In Dirst v. Morris, 14 Wall. 484, 20 L. Ed. 722, Mr. Justice Bradley said: "But, as the law stands, if a jury is waived and the court chooses to find generally for one side or the other, the losing party has no redress on error, except for the wrongful admission or rejection of evidence."

[2] It is assigned as error that the trial court excluded and refused to consider testimony submitted to show the circumstances and conditions under which the contract was entered into, and particularly the conversations and negotiations between the plaintiff and the defendant's engineer, as to the quantity or character of roadbed to be built, the methods of excavating and removing and placing materials, and the character and amount of necessary equipment. A sufficient answer to the assignment is the fact that it fails to point out the testimony thus offered or thus rejected and leaves this court to discover it by a search through several hundred pages of testimony. Nor is the argument which is made under the assignment convincing. The plaintiff cites authorities to the general proposition that in considering a written contract it is the duty of the court to consider the circumstances and conditions under which it was made, the situation of the parties, and the purpose to be attained, and that the plain intent of the parties as disclosed by the circumstances and conditions should prevail, rather than a strict and literal interpretation. Salt Lake City v. Smith, 104 F. 457, 43 C. C. A. 637, is particularly relied upon. In that case the contractor agreed to construct a conduit for a city and to do such extra work as the engineer of the city might require. The engineer required the construction of a dam not contemplated or provided for by the contracting parties. It was held that the contractor was entitled to compensation for the extra work. That ruling may be accepted as the established law applicable to that class of contracts. But in the case at bar the plaintiff wholly fails to point to any work which he did that was not contemplated by the contracting parties and was not expressly provided for by the terms of the contract. The contract itself is clear and explicit. It was a contract for the construc-

tion of a logging railroad for a distance of about 10 miles into a timbered country. The survey had been made and the line located for about six miles and a projected line was run four miles beyond that point. The defendant's engineer had made a profile showing the approximate quantities and the general character of the work to be performed. Rajotte, the president of the plaintiff, went with the engineer over the line as far as it had been located.

On June 24, 1919, the contract was entered into. The work was to be completed by the 1st day of the following January. The contract was made on a cost plus basis, whereby the defendant was to repay the plaintiff monthly all expenses paid by it in the construction work together with 5 per cent. commission added thereto. The unit price of the materials to be moved was fixed at a certain sum, and it was provided that if the actual cost of the work should exceed the stipulated price, the plaintiff should bear a designated part of the extra expense and the defendant the remainder. In August, 1920, the defendant, being dissatisfied with the manner in which the work was being performed, took it over under the right which had been reserved to it in the contract. The plaintiff could not lawfully show that prior to making the contract it had an understanding with the defendant's engineer as to the manner in which the work should be performed, and that after making the contract it was required to perform the work in a different manner. For the contract covering the powers of the engineer shows distinctly that all negotiations leading up to the execution of the contract had been merged therein. There was no subject on which it did not purport to speak. It expressly required the contractor to acquaint himself of the conditions, and it provides that the contractor accepts the work solely and unreservedly upon its own information and without reference to any preliminary estimate of quantities, profiles, or other papers handed to bidders before the contract for doing the work was made, and it stipulated that "the chief engineer reserves the right to alter and change the alignment, grades, forms, and methods of construction shown on the maps and profiles, and he may increase or decrease any and all appropriate quantities as shown on the preliminary estimate, and the contractor hereby waives all claims for any anticipated profits or damages owing to any such changes."

[3] There is no contention that there was fraud, mistake, or wanton or arbitrary action on the part of the engineer, and no

question is made of his good faith. In such a case, the execution of a written contract supersedes all oral negotiations concerning its terms, and the whole engagement of the parties is presumed to have been reduced to writing. Coal & Iron Ry. Co. v. Reherd, 204 F. 859, 123 C. C. A. 155; United States v. Fidelity & Deposit Co., 152 F. 596, 81 C. C. A. 586; Gammino v. Inhabitants of Town of Dedham, 164 F. 593, 90 C. C. A. 465.

The judgment is affirmed.