## COOPER v. SUN CO.

Circuit Court of Appeals, Third Circuit.
June 21, 1929.

No. 3932.

Samuel W. Cooper and A. S. Ashbridge, Jr., both of Philadelphia, Pa., for appellant.

Robert E. Lamberton and Lamberton & Moffett, all of Philadelphia Pa., for appellee.

Before BUFFINGTON and DAVIS, Circuit Judges and THOMSON, District Judge.

THOMSON, District Judge.  This case falls within narrow limits. It is an action brought by the trustee in bankruptcy of the American Steamship Navigation Company against the Sun Company upon a check for $21,021, given by defendant on November 15, 1919. Under an agreement, the navigation company undertook to load and carry for the defendant 3,000 barrels of oil to Barcelona, Spain, on the steamer Naumeaug, which had been chartered to the navigation company by its owner, the United States Transport Company. Being advised by the navigation company that the oil had been loaded on the steamer, bills of lading therefor were delivered by the navigation company to the defendant, the former receiving $21,021, less demurrage, by check from the Sun Company. This check was deposited with the Guarantee Trust & Safe Deposit Company; the navigation company receiving from the bank an advancement of $8,308.63. Shortly after the check was given, the defendant learned that negotiations were in progress between the navigation company and the transport company for the cancellation of the charter. Defendant was informed by the transport company that the latter would make the voyage for its own account, and would look to the defendant for the payment of the freight. Defendant then stopped payment on the check. The bank, having made the advancement without knowledge that the payment of the check had been stopped, compelled payment of the amount advanced by suit against the defendant. Three days after the delivery of the check an agreement was entered into between the navigation company and the transport company in which the charter of the Naumeaug was canceled, and the transport company agreed to carry forward the freight at the prices before agreed upon by the navigation company. On that day the former bills of lading were canceled, and new bills of lading issued by the transport company to the defendant. The oil was transported to Spain by the transport company, and to it the defendant paid $21,750 therefor. The navigation company later being declared bankrupt, its trustee brought this suit to recover the amount of the check, less the amount theretofore advanced on the check by the bank. The case was tried by the judge without a jury, and his judgment entered

for the defendant was based on findings of fact. The court's findings of fact are, like the verdict of a jury, assailable only on the ground that there was no substantial evidence in support of the judgment. The question of law whether there was any substantial evidence to sustain any such finding is reviewable only when a motion is made, denied, and excepted to, or some other like action is taken, which fairly presents that question to the trial court and secures its ruling thereon. Wear v. Imperial Window Glass Co. (C. C. A.) 224 F. 60; Dunsmuir v. Scott (C. C. A.) 217 F. 200.

There was not only substantial evidence to support the court's findings, but there is no very serious dispute as to the facts. It is largely a legal question. The rights of the trustee can rise no higher than those of the navigation company. The effect of the agreement of November 19th between the two carriers was to assign to the transport company the right to collect from the defendant the transportation charges. By that agreement and assignment, the navigation company parted with its right to collect the money from the Sun Company. Under that contract, the voyage was made, and for that service defendant paid. The navigation company received for its services $7,-500, and, when it assigned its contracts to the transport company, it divested itself of the chose in action which is the subject of this suit. It could not maintain this action itself, and no higher right vested in plaintiff as its trustee.

The judgment for the defendant should be affirmed.