MEMORANDUM **
Plaintiffs (collectively referenced as “ST”) appeal the district court’s grant of summary judgment in favor of Annibale Santoni. We affirm.
ST fails to rebut the presumption that the written plan is integrated. Restatement (2d) of Contracts § 209(3) (1981); Rajotte-Winters v. Whitney Co., 2 F.2d 801 (9th Cir.1924). The written plan appears to be the “complete expression of the whole agreement” between ST and its employees, as the plan terms are clear, internally coherent, and comprehensive. Black v. Richfield Oil Corp., 146 F.2d 801, 804 (9th Cir.1945). While the plan does not contain an explicit merger clause, the absence of such a clause is not dispositive. See Jarvis v. K2 Inc., 486 F.3d 526, 536 (9th Cir.2007). The only evidence ST presents to support its assertion that the written plan is not fully integrated is a plan provision granting the retirement committee authority to “correct any defect” or “supply an omission” to the written terms. While this language authorizes the retirement committee to fill in gaps or clarify uncertainties, it cannot be construed as a wholesale license to change the plan at will in the course of processing an individual employee’s request for benefits, as the committee did here when it adopted an interpretation that directly contradicts the plain language of the plan. Scribner v. WorldCom, Inc., 249 F.3d 902, 908 (9th Cir.2001) (“We cannot allow one party’s ‘double-secret’ interpretation of a word to undermine the other party’s justified expectations as to what that word means.”). Furthermore, even assuming the plan is not fully integrated, ST’s proffered extrinsic evidence is inadmissible because it contradicts rather than supplements the express terms memorialized in the written plan. See Comeaux v. Brawn & Williamson Tobacco Co., 915 F.2d 1264, 1272 n. 7 (9th Cir.1990).
The plan language at issue in this case is not susceptible to more than one reasonable interpretation. McDaniel v. Chevron Corp., 203 F.3d 1099, 1110 (9th Cir.2000). It unambiguously links benefits eligibility to contemporary citizenship status. We assume this unambiguous plan provision means what it says, and extrinsic evidence is not admissible to demonstrate otherwise, especially given that the proffered evidence directly contradicts the plain language of that provision. See Cinelli v. Security Pacific Corp., 61 F.3d 1437, 1444 (9th Cir.1995); Bergt v. Retirement Plan for Pilots Employed by MarkAir, Inc., 293 F.3d 1139, 1143 (9th Cir.2002); Westlands Water Dist. v. U.S., 337 F.3d 1092, 1101 (9th Cir.2003) (“Extrinsic evidence cannot contradict a clear contract term in a final expression of agreement[.]”). In fact, rather than supporting a reasonable construction of existing plan language, ST’s proffer effectively substitutes one provision for another and suggests that its drafters made a mistake. See O’Neill v. U.S., 50 F.3d 677, 684-85 (9th Cir.1995).
For the same reason, ST’s extrinsic evidence is not admissible under the latent ambiguity doctrine, either. ST’s contradictory and unreasonable interpretation of the disputed provision does not amount to a mutual mistake. The contractual defect that ST attempts to characterize as a latent ambiguity more closely resembles an *558 effort to rewrite a problematic unilateral mistake than to clarify a mutual misunderstanding. See Scribner v. WorldCom, Inc., 249 F.Sd 902, 911 (9th Cir.2001); Wilson Arlington Co. v. Prudential Ins. Co. of America, 912 F.2d 366, 370-71 (9th Cir. 1990). Therefore, the district court properly concluded that the retirement committee’s decision relying on inadmissible extrinsic evidence of ST’s intent constituted an abuse of discretion.[1]
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Santoni urges this court to apply a more rigorous de novo standard of review because this case involves a so-called "top hat” pension plan. We decline to decide whether an exception should be carved out of the informed abuse of discretion standard articulated in Metropolitan Life Ins. Co. v. Glenn, - U.S.-, 128 S.Ct. 2343, 2346, 171 L.Ed.2d 299 (2008), however, as we would reach the same result in this case under either standard. See Gilliam v. Nevada Power Co., 488 F.3d 1189, 1194 (9th Cir.2007).