### HAYDEN v. OGDEN SAVINGS BANK.

(Circuit Court of Appeals, Eighth Circuit. November 29, 1907.)

No. 2,631.

1. WRIT OF ERROR—FINDINGS OF FACT—CONCLUSIVENESS.
  Where an action is tried to the court, and there is no stipulation that the court shall make a special finding of facts or any request therefor, the court's conclusion on the facts is in the nature of a general verdict, and is conclusive of all matters of fact to the same extent as the verdict of a jury.
  [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3955–3969.]

2. SAME—RECORD—SCOPE OF REVIEW.
  Where, in an action tried by the court, there was neither stipulation nor request for a special finding of facts and no such finding was made, the inquiry on a writ of error is limited to the sufficiency of the petition, and the rulings on questions of law arising during the trial, if any are preserved.

3. SAME—ASSIGNMENTS OF ERROR—HOLDINGS ON QUESTIONS OF LAW.
  Where no declarations of law were requested by either party in an action tried by the court, and none were given by the court of its own motion, assignments of error directed to the holdings of the court on questions of law could not be reviewed on writ of error.

4. SAME—OPINION.
  The opinion of the trial court in an action tried by the court without a jury is not available on a writ of error as a special finding of facts and declarations of law predicated thereon.
  [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 2339.]

5. SAME—STIPULATION—FILING.
  Where a stipulation of facts in an action tried by the court was not filed in nor considered by the trial court, it could not be considered on a writ of error, the only office of which is to review the action of the trial court on questions of law presented by the bill of exceptions.

In Error to the Circuit Court of the United States for the District of Utah.

Hiram E. Booth, E. O. Lee, Carl A. Badger, and Albert H. Gleason, for plaintiff in error.

C. C. Richards (A. E. Pratt, on the brief), for defendant in error.

Before SANBORN and VAN DEVANTER, Circuit Judges, and PHILIPS, District Judge.

PHILIPS, District Judge. The plaintiff in error brought suit against the defendant in error to recover the sum of $2,400 alleged to be owing by the defendant on a contract executed between it and W. F. Burns & Co., the plaintiff claiming to be the assignee of said contract after its performance by said W. F. Burns & Co. By stipulation of the parties the case was tried to the court without the intervention of a jury. The court found the issues for the defendant, and adjudged that the plaintiff take nothing by his action. There was no stipulation between the parties that the court should make a special finding of facts, nor was any request made to the court to do so. In such situation the conclusion of the court on the facts is of the nature of a general verdict, and is "conclusive upon all matters of fact, precisely as the verdict of a jury." The inquiry in this court in such condition of the record is, therefore, "limited to the sufficiency of the complaint (or petition) and the rulings, if any be preserved, on questions of law arising during the trial." Lehnen v. Dickson, 148 U. S. 71, 72, 73, 13 Sup. Ct. 481, 37 L. Ed. 373; Martinton v. Fairbanks, 112 U. S. 670, 5 Sup. Ct. 321, 28 L. Ed. 862.

No question is made by the assignment of errors as to the sufficiency of the petition in stating a cause of action. There was no request by the plaintiff for a directed verdict. There was no question raised in the assignment of errors to the effect that there was no evidence to support the verdict. The only assignment of error touching the action of the court in ruling on the admission of evidence pertains to an objection to certain questions put to the witness Catlin; but in the brief of counsel for plaintiff in error "this assignment of error is waived."

All the other assignments of error are directed to the holdings of the court on questions of law. As no declarations of law were requested by either party, and none were given by the court, sua sponte, such assignments are ineffective. They are directed to nothing reviewable. Counsel seem to have assumed that the opinion of the court sent up with the record performs the office of a special finding of facts by the court, and of declarations of law predicated thereon. This is a misconception. York v. Washburn, 129 Fed. 564, 64 C. C. A. 132.

In their brief filed herein counsel for plaintiff in error have set. out what purports to be a stipulation respecting the facts proved. in the court below. No such stipulation was filed in the Circuit Court, and was not, therefore, considered or passed upon by it; and it can perform no other office in this court than an agreement between the respective counsel, for their convenience, as to what the evidence on the trial of the case was. As the only office of the writ of error is to review the action of the trial court on questions of law, and the bill of exceptions in the case includes all the evidence presented to the court below, our inquiry is limited to the transcript of the record sent up from the Circuit Court.

It results that the judgment of the Circuit Court must be affirmed, and it is so ordered.