UNITED STATES v. SIOUX CITY STOCK YARDS CO.

(Circuit Court of Appeals, Eighth Circuit. February 12, 1909.)

No. 2,935.

1. TRIAL (§ 395*) — FINDING BY COURT—TRIAL BY COURT—"SPECIAL FINDING" UNDER REV. ST. §§ 649, 700, DEFINED.

The special finding contemplated by Rev. St. §§ 649, 700 (U. S. Comp. St. 1901, pp. 525, 570), is a specific statement of those ultimate facts upon which the law must determine the rights of the parties. It corresponds to the special verdict of a jury, is equally specific and responsive to the issues, and is spread at large upon the record, as part thereof, in like manner as is such a verdict.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 927-934; Dec. Dig. § 395.
For other definitions, see Words and Phrases, vol. 7, p. 6576.]

2. TRIAL (§ 395*)—OPINION OF TRIAL JUDGE—NOT A "SPECIAL FINDING."

An opinion of the trial judge setting forth the reasons for his decision in an action at law tried by a Circuit Court without the intervention of a jury cannot be regarded as a special finding within the meaning of Rev. St. §§ 649, 700 (U. S. Comp. St. 1901, pp. 525, 570).

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 927-934; Dec. Dig. § 395.*]

(Syllabus by the Court.)

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Error to the Circuit Court of the United States for the Northern District of Iowa.

For opinion below, see 162 Fed. 556.

Frederick F. Faville, U. S. Atty., and James A. Rogers, Asst. U. S. Atty.

William Milchrist and George C. Scott, for defendant in error.

Before VAN DEVANTER, Circuit Judge, and RINER and AMIDON, District Judges.

VAN DEVANTER, Circuit Judge. This was a civil action to recover a penalty alleged to have been incurred under section 3 of the act of June 29, 1906, c. 3594, 34 Stat. 608 (U. S. Comp. St. Supp. 1907, p. 919), known as the "28-Hour Law." The answer was practically a general denial, and the issues of fact were determined by the Circuit Court without the intervention of a jury, pursuant to a written stipulation of the parties. The trial resulted in a judgment for the defendant, which necessarily imported, although it did not expressly contain, a finding in the defendant's favor. Error was originally assigned upon several rulings of the trial court, but counsel for the government concede, in their reply brief, that they must rely upon the single contention that what they assume was a special finding is not sufficient to support the judgment. Unfortunately for this contention, however, there was no special finding. That which counsel assume was such is not so designated in the record, was not so intended by the trial court, and cannot be so regarded by this court. It is an extended opinion (reported 162 Fed. 556) in which the trial judge refers to the issues formed by the pleadings, portions of the evidence, the statute, and the contentions advanced by counsel, and then discursively disposes of those contentions, and concludes that the penalty sought to be recovered had not been incurred by the defendant. Repeated decisions of the Supreme Court, as also of this court, make it altogether plain that such an opinion is not a special finding within the meaning of the statute (Rev. St. §§ 649, 700 [U. S. Comp. St. 1901, pp. 525, 570]), and cannot be resorted to for the purpose of controlling, modifying, or supplementing the finding otherwise disclosed or imported by the record. British Queen Mining Co. v. Baker Silver Mining Co., 139 U. S. 222, 11 Sup. Ct. 523, 35 L. Ed. 147; Saltonstall v. Birtwell, 150 U. S. 417, 14 Sup. Ct. 169, 37 L. Ed. 1128; Stone v. United States, 164 U. S. 380, 17 Sup. Ct. 71, 41 L. Ed. 477; York v. Washburn, 64 C. C. A. 132, 129 Fed. 564; Hayden v. Ogden Savings Bank, 85 C. C. A. 558, 158 Fed. 90. The special finding contemplated by the statute is a specific statement of those ultimate facts upon which the law must determine the rights of the parties. It corresponds to the special verdict of a jury, is equally specific and responsive to the issues, and is spread at large upon the record, as part thereof, in like manner as is such a verdict. Burr v. Des Moines Co., 1 Wall. 99, 102, 17 L. Ed. 561; Norris v. Jackson, 9 Wall. 125, 19 L. Ed. 608; St. Louis v. Ferry Co., 11 Wall. 423, 428, 20 L. Ed. 192; Wilson v. Merchants' Loan & Trust Co., 183 U. S. 121, 22 Sup. Ct. 55, 46 L. Ed. 113; Minchen v. Hart, 18 C. C. A. 570, 72 Fed. 294; Anglo-American

Co. v. Lombard, 68 C. C. A. 89, 102, 132 Fed. 721; United States v. Cleage (C. C. A.) 161 Fed. 85.

As there was no special finding, and as it is only when there is such a finding that this court can consider the sufficiency of the facts found to support the judgment (Dickinson v. Planters' Bank, 16 Wall. 250, 257, 21 L. Ed. 278), it follows that the single contention now relied upon relates to a matter which it not open to review upon this record. And, this being so, we express no opinion upon the propositions of law advanced by the trial judge in support of his conclusion.

The judgment is affirmed.