FIDELITY & DEPOSIT CO. v. UNITED STATES, to Use of FOWDEN
(WITMAN, Intervener).

(Circuit Court of Appeals, Third Circuit.  December 31, 1915.  Rehearing Denied January 31, 1916.)

No. 2006.

1. UNITED STATES ⬅️67—ACTIONS ON CONTRACTORS' BONDS—PLEADING—PRESUMPTIONS.

The statute relative to suits on government contractors' bonds provides that, if the government does not sue within six months, other claimants shall, upon application therefor and furnishing an affidavit, be furnished with a certified copy of the contract and bond, upon which they shall have a right of action.  On March 13, 1914, a contractor settled with the government, and on September 12th the government certified to the accuracy of a copy of the bond and contract, upon which a subcontractor on February 25, 1915, brought suit.  W. intervened in such suit and filed a statement of his claim, upon which judgment was rendered, and the surety brought error, contending that the failure of the statement of claim to allege that the government did not sue was a fatal defect.  The surety furnished no information to show that the government did sue.  Held that, as the conclusion was almost irresistible that the government did not sue, the surety's contention was so purely technical that it was fully met by the presumption in favor of regularity, which would justify the assumption that the original plaintiff alleged all necessary facts to show that the suit was not premature, especially as the fact that the government certified to the accuracy of the copy of the bond and contract on September 12th was not conclusive that the copy was "furnished" the original plaintiff before the expiration of the six months.

[Ed. Note.—For other cases, see United States, Cent. Dig. § 50; Dec. Dig. ⬅️67.]

2. UNITED STATES ⬅️67—ACTIONS ON CONTRACTORS' BONDS—RECOVERY OF INTEREST.

Where the penalty of a government contractor's bond was sufficient to pay all claims against the contractor, a claimant was entitled to recover such interest as might have been recovered against the contractor.

[Ed. Note.—For other cases, see United States, Cent. Dig. § 50; Dec. Dig. ⬅️67.]

In Error to the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Action by the United States, to the use of William T. Fowden, against the Fidelity & Deposit Company, in which J. J. Witman intervened.  Judgment for Witman, and defendant brings error.  Affirmed.

Benjamin A. Stansburg, of Baltimore, Md., and Stanley Williamson, of Philadelphia, Pa., for plaintiff in error.

George H. Stein, of Philadelphia, Pa., and Harvey F. Heinly, of Reading, Pa., for defendant in error.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

McPHERSON, Circuit Judge. In August, 1912, the Fidelity & Deposit Company of Maryland became surety in the penal sum of $18,000 on the bond of J. W. Emery, who had contracted to do certain work for the government. Complying with the federal statutes, the bond provided, inter alia, that Emery should "promptly make payment to all persons supplying labor or materials in the prosecution of the work contemplated by said contract." Emery settled finally with the government on March 13, 1914, but on that date he was (and still is) indebted to several subcontractors that had furnished materials. Among these were William T. Fowden, who brought suit on the bond on February 25, 1915, and J. J. Witman, who intervened in that suit on February 26. Afterward Witman filed a statement of his claim, the Fidelity Company filed an affidavit of defense thereto, and the District Court, considering the affidavit insufficient (except to a small part of the claim), entered judgment in Witman's favor for $1,161.56, of which $119.94 is interest. This writ of error challenges the correctness of that judgment.

[1] 1. The principal point insisted on by the surety is that the suit was prematurely brought. The foundation for the argument is this: The act of Congress provides inferentially that during the period of six months after the date of final settlement no one except the government may sue on a contractor's bond. If the government does sue within that period, other claimants may intervene (subject to the government's priority) and may have their rights adjudicated in the same suit. If the government does not sue within that period, the field is open, and other claimants "shall upon application therefor and furnishing affidavit," etc., "be furnished with a certified copy of said contract and bond upon which he or they shall have a right of action," etc. Now, it appears in the record before us that March 13, 1914, was the date of final settlement with Emery. Accordingly the government had the exclusive right to sue until September 13, inclusive; but, as Witman's statement does not aver in terms either that the government sued or did not sue, the surety alleges the absence of such an averment to be a fatal defect.

It is to be regretted that the controversy was not disposed of in the court below by a brief amendment, but as this was not done we must take the case as we find it. We should be more impressed with the surety's argument, if there was room for a real doubt concerning the facts; but we regard the position as purely technical, because for two reasons the conclusion is almost irresistible that no suit was ever brought by the government. The first reason is because under date of September 12, when the six months period was on the very point of expiring, the government certified to the accuracy of a copy of Emery's

bond and contract, and this would scarcely have been done, if suit had already been brought or was about to be brought. And the second reason is even stronger: The present suit was not brought during the six months period, but in February, 1915, several months after the period expired, and it is certain that if a suit by the government had then been pending the surety (as one of the defendants in such a suit) could not have been ignorant of that fact. Nevertheless, although it is peculiarly able to answer the question, the surety maintains silence and furnishes no information, taking its stand on the narrow proposition that, as the government *might* conceivably have sued during the very brief time intervening between September 12 (the date of its certificate) and September 14, Witman was bound to aver and to prove that such a suit was not actually brought. We have just stated the reasons why we think that (even on the record as it stands) we may fairly infer that no suit was brought by the government; but we may pass these reasons by, and reply to the point by another answer that we think is equally effective, although the answer is as narrow as the point itself. The answer is simply that the matter before us is Witman's intervening claim, and not the original institution of the suit by the use plaintiff, Fowden. The record before us on this writ of error does not show on what averments Fowden rested the right of suit, which he was bringing for himself and for all other creditors in a similar situation; but the usual presumption in favor of regularity justifies us in assuming that Fowden made every proper averment to show that the suit was not premature, and of course upon this assumption the surety's position ceases to have any value. We may perhaps add the suggestion that the date when the government certified to the accuracy of the copy of Emery's bond and contract does not establish conclusively that the copy was "furnished" to Fowden on September 12, the date borne by the certificate. No doubt the copy was certified to on that day, but whether it was delivered on that day in Washington or elsewhere, or whether it was delivered to Fowden personally, or reached him by messenger or by mail, or when it actually came into his hands, does not appear. Of course these are technical answers, but they are made to a technical objection, and moreover to an objection that could have been so easily removed that it has hardly seemed worth while to discuss it at all. We see no substantial merit in the argument, and therefore overrule it.

[2] 2. And we find nothing more substantial in the surety's second objection to the judgment below, namely, the inclusion of interest. The District Court awarded to Witman the amount of interest to which he would have been entitled if he had been suing Emery, and this is precisely the obligation that the surety undertook to make good. It is not a case where a surety is asked to pay interest on the penal sum of the bond; in such a situation the award of interest is governed by circumstances that are not present here. The total of Emery's debts secured by the bond do not exceed $3,500, so that the penal sum of $18,000 is much more than is necessary to pay all the claims, principal and interest. In a word, the surety is merely asked in this suit to fulfill its contract, and we can see no reason why (up to the limit of the

229 F.—9

penal sum) it should not carry out the contract by paying interest as well as principal. Since Emery failed to make payment promptly he was unquestionably chargeable with interest, and this is the default the surety agreed to take care of. There have been delays in ascertaining the exact amount of the surety's obligation, but the delays belong to the statutory remedy, and of this the surety was fully informed when it executed the bond.

The judgment is affirmed.