PEDERSON et al. v. UNITED STATES, for the Use of WASHINGTON IRON WORKS, et al.

(Circuit Court of Appeals, Ninth Circuit. October 14, 1918.)

No. 3164.

1. APPEAL AND ERROR ⊚⟹209(1)—REVIEW—ACTION TRIED TO COURT.
   In an action tried to the court without a jury by stipulation, where the court is not asked to rule that there is no substantial evidence to justify judgment, the findings of fact must be accepted by the appellate court, and only rulings on matters of law, duly excepted to, are reviewable.

2. UNITED STATES ⊚⟹67(2)—ACTION ON CONTRACTOR'S BOND—INTEREST.
   Where the penalty of a government contractor's bond is sufficient to pay all the claims against the contractor, a claimant is entitled to recover interest from the time his demand became due.

⊚⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. UNITED STATES ⬅67(3)—CONTRACTOR'S BOND—ACTIONS BY SUBCONTRACTORS —LIMITATION.**

Under Act Aug. 13, 1894, as amended by Act Feb. 24, 1905 (Comp. St. 1916, § 6923), permitting any person furnishing material to a government contractor to bring suit on his bond within one year after performance and final settlement of the contract, and permitting any other similar creditor to intervene "within one year from the completion of the work under said contract and not later," the time limit is the same in case of the original plaintiff and an intervener.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Edward E. Cushman, Judge.

Action by the United States, for the use and benefit of the Washington Iron Works against Hans Pederson, Marie Pederson, his wife, and the National Surety Company, with the Western Electric Company as intervener. Judgment for plaintiff and intervener, and defendants bring error. Affirmed.

See, also, 243 Fed. 260.

Pederson, to be called defendant, made a contract, dated September 8, 1914, with the United States through an engineer officer of the army to furnish and install valve and electrical equipment for the operation of locks of the canal at Ballard, Wash. The National Surety Company, also a defendant below, became bondsman for Pederson to secure payment by Pederson to those who supplied labor or material; the bond being such as is required by Act of Congress (Act Aug. 13, 1894, c. 280, 28 Stat. 278, and as amended by Act Feb. 24, 1905, 33 Stat. 811 [Comp. St. 1916, § 6923]), "An act for the protection of persons furnishing material and labor for the construction of public works," etc. After the making of the contract just referred to, Pederson sublet to the Washington Iron Works, also a plaintiff below, that part of the contract which provided for the furnishing of the valves and machinery, and to the Western Electric Company, a defendant below, the portion for furnishing the electrical equipment. Upon a settlement between the United States and Pederson, found by the District Court to have been on or after July 14, 1916, $5,411 was withheld from Pederson because of delay in completing the contract and on account of certain inspection charges.

In January, 1917, the Iron Works filed a suit in equity in the United States District Court in Washington against Pederson, contractor, and the National Surety Company, for $11,281.53 for material furnished under the contract with Pederson and for extras and interest. The defendants admitted furnishing valves and valve machinery, but denied that $11,281.53 was due. Pederson also pleaded the withholding of $5,411 for pumping and inspecting charges due to delay by the Iron Works, which sum he had held out from payments to the Iron Works, and he also claimed damages for negligence and delay and for moneys spent in correcting defects in work rejected by the United States engineer.

In July, 1917, the Western Electric Company (a defendant in error herein) intervened and sought to recover against Pederson for cer-

tain extras and balances alleged to have been left unpaid. Pederson and the Surety Company answered, denying the right of the Electric Company, upon the grounds that the complaint in intervention was not filed within one year after complete performance and settlement, denying that interest was recoverable, and pleading that for the extras no recovery could be had. It came about that before the action was brought to trial the Supreme Court, in Illinois Surety Co. v. Peeler, 240 U. S. 214, 36 Sup. Ct. 321, 60 L. Ed. 609, decided that an action under the act of Congress as amended, as hereinbefore cited, was not to be determined in equity, but is one at law, and the bill of exceptions herein shows that, when trial of the action was called, a jury was waived and the case was tried by the court, with the result that the Iron Works recovered a judgment against Pederson for $9,-597.48 and against the Surety Company for $9,556.63, and the Western Electric Company recovered judgment for $1,934.80 against Pederson and for $1,724.71 against the Surety Company.

Writ of error was thereafter sued out by Pederson and wife and the Surety Company. The assignments are to the effect that the trial court erred: (1) In holding that there was a balance of $9,462.69 unpaid on the contract between Pederson and the Iron Works; (2) in denying the motion to dismiss the complaint of the Western Electric Company in intervention: (3) in holding that final payment was made by the United States to Pederson on July 14, 1916; (4) in sustaining claims of the Iron Works for extras; (5) in allowing interest; (6) in not holding the Iron Works liable to Pederson for $5,411.83, the sum deducted by the United States for inspection and pumping, and for damages.

Roberts, Wilson & Skeel and Lee Johnston, all of Seattle, Wash., for plaintiffs in error.

C. B. White, of Seattle, Wash., and H. W. Henderson, of New York City, for plaintiff in error National Surety Co.

R. A. Ballinger, Alfred Battle, R. A. Hulbert and Bruce C. Shorts, all of Seattle, Wash., for defendant in error Washington Iron Works.

Wright, Kelleher & Allen and George E. Wright, all of Seattle, Wash., for defendant in error Western Electric Co.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

HUNT, Circuit Judge (after stating the facts as above). The findings were made with great care and detailed reference to the evidence. In them reference is made to specific items in the specifications attached to the contract between Pederson and the Iron Works, and to the manner of payment by installments, as well as to the amounts payable under the contract. Various aggregate sums are set forth, and the balance on the contract unpaid by Pederson is found to be $9,462.69, together with $234.85 due for extras furnished. The court disallowed Pederson's claim of $5,411.83, offset, except in certain items, and found that Pederson broke his contract with respect to certain items. The court fixed July 14, 1916, or afterwards, as the time of the full completion of the work and final settlement therefor,

and found that no suit upon the contract was commenced by the United States, that action by defendant in error was begun within one year from the completion of the work and final settlement therefor, and that the intervener filed its complaint in due time as required by the act of Congress heretofore cited.

The claim of the intervener Electric Company was also carefully examined and included in the findings, and the court, after referring to the provisions of the contract between the company and Pederson, found that the company fully performed, and that under the contract interest from August 25, 1914, became due upon the purchase price of the materials furnished, and that certain extra material was furnished under an agreement that the purchase price therefor should bear interest from 30 days after the date of shipment.

[1, 2] From the foregoing history of the case it is apparent that, trial of the issues having been to the court without a jury, and no request having been made of the trial court for a ruling that there was no substantial evidence to justify judgment, the findings upon questions of fact should be accepted by this court, and therefore the only rulings for review are those made upon matters of law properly presented by bill of exceptions. Maryland Casualty Co. v. Orchard Land & Timber Co., 240 Fed. 364, 153 C. C. A. 290; Turner v. Schaeffer, 249 Fed. 654, —— C. C. A. ——. The evidence tends to support the ultimate findings and it is clear that the judgment was warranted by the findings. Interest was allowed as on a liability to pay money from the time the demand accrues, the amount being ascertainable by computation. Dickinson Fire, etc., v. Crowe & Co., 63 Wash. 550, 115 Pac. 1087; Fidelity & Deposit Co. v. United States, 229 Fed. 127, 143 C. C. A. 403.

Plaintiffs in error argue that under the specifications attached to the contract between Pederson and the United States the weights of certain material as made by the United States engineers should control, in instances where there was a variance in weight between the Iron Works and Pederson. But as the items furnished to Pederson by the Iron Works were weighed at the plant of the Iron Works, and the weights were certified to by a government inspector, the explanation concerning discrepancies (which amounted to $162.73) was found by the court to be in the likelihood that the weights of material delivered for which defendants would be liable might exceed the weight of material installed for which the government had agreed to pay. Testimony of who was responsible for delay and defects was considered by the District Court as matter of fact, and it does not appear that resolution in favor of defendant in error was erroneous. Fisher v. Edgefield & Nashville Mfg. Co. (Tenn. Ch. App.) 62 S. W. 27; Murphy v. No. 1 Wall Street Corp., 142 App. Div. 835, 127 N. Y. Supp. 735.

[3] Plaintiffs in error question the jurisdiction of the court to entertain the claim of the Western Electric Company upon the ground that the company failed to file its complaint within the one year allowed by law. The statute authorizes any person or corporation who has furnished labor or material used, and payment for which has not

253 F.—40

been made, "to intervene and be made a party," and to have their rights and claims adjudicated in such action. If no suit is brought by the United States within six months "from the completion and final settlement" of the contract, suit may be brought in the name of the United States against the contractor and his sureties, provided—

"that where suit is instituted by any of such creditors on the bond of the contractor it shall not be commenced until after the complete performance of said contract, and final settlement thereof, and shall be commenced within one year after the performance and final settlement of said contract and not later: and provided further that where suit is so instituted by a creditor or creditors, only one action shall be brought, and any creditor may file his claim in such action and be made party thereto within one year from the completion of the work under said contract, and not later."

In our opinion the intent of the statute is that in the case of an intervener the time limit shall be the same as it is in the case of an original party complainant. In Bryant Co. v. N. Y. Steam Fitting Co., 235 U. S. 327, 35 Sup. Ct. 108, 59 L. Ed. 253, the court observed that an intervening creditor, as well as the instituting creditor, must file his claim within a year. Vermont Marble Co. v. National Surety Co., 213 Fed. 429, 130 C. C. A. 65. By the language of the statute the year begins to run against the instituting creditor from the time of complete performance of the contract and final settlement thereof, and although the final words of limitation with respect to a creditor who comes in as a party require that he file his claim within one year "from the completion of the work" under the contract, and not later, the intent of the whole statute, as analyzed by the Supreme Court, is to put original and intervening claimants upon an equality in the matter of time.

We therefore inquire what was the date from which the period of one year commenced to run. Here again we have an explicit finding of the court, fully sustained by evidence, respecting articles furnished to the contractor that the contract was not completely performed until within a year before the time when the complaint in intervention was filed. The final payment was July 14, 1916, and there is ample evidence that the War Department of the government treated that as the date of final settlement. In Am. Bonding Co. v. United States, 233 Fed. 364, 147 C. C. A. 300, the Court of Appeals of the Third Circuit took the very reasonable view that the date given by the department of the government which has to do with the work might ordinarily be safely accepted as fixing the time of final settlement.

Illinois Surety Co. v. Peeler, 240 U. S. 214, 36 Sup. Ct. 321, 60 L. Ed. 609, is cited by plaintiffs in error as authority for holding that the time from which the year shall run is the time of the final determination of the amount due, irrespective of the date of final payment. In reliance upon the application of this rule the plaintiffs in error lay stress upon an indorsement upon a carbon copy of a voucher for $21,541.96, dated June 28, 1916. The indorsement is a form of certificate whereby the officer certifies that the contract had been completed in accordance with the specifications, except as to time, and that material and work were accepted as satisfactory—

"in behalf of the United States. Lieut. Col. Corps Engineers, U. S. A. Authority for extension of time filed with voucher No. 178, December, 1914."

At the bottom of the voucher is a statement of payment for $19,-541.96, signed by Colonel Cavanaugh, the contracting engineer officer. The certificate itself, however, was not dated, nor was it signed by Col. Cavanaugh in the space left vacant for signature above the words, "Lieut. Col. Corps of Engineers, U. S. A." The testimony was that the custom was to forward the original to Washington, D. C. However that may be, the original was not produced at the trial, and we cannot now hold that the District Court was in error in declining to treat the voucher as a certificate of acceptance and completion and as a determination of the amount due. The District Judge in his written opinion comments upon the absence of an original or certified copy of a certificate signed by Col. Cavanaugh, and points out that on July 6, 1916, Col. Cavanaugh called on Pederson for material yet to be furnished under the contract, and also that on July 11th Col. Cavanaugh made a payment to Pederson of $1,916.67 out of $2,000 retained to insure complete performance. Furthermore, there appear to have been offsets to be deducted, and prior to July 14, 1916, there was no determination of the amount which the government was finally bound to pay. The final settlement was had on that day, and it was so understood by the War Department.

Allowance of interest upon the claim of the intervener under the original contract and for extras furnished was proper. Upon the original contract matters interest became due by provision that payments provided for should bear interest, while as to moneys due for extras furnished the invoices provided they should bear interest.

We think that the principal points made by plaintiffs in error are sufficiently covered by what we have said. Upon the whole case the conclusions reached by the District Court appear to be right and to call for an affirmance of the judgment.

Affirmed.