NORTHERN IDAHO & MONTANA POWER CO. v. A. L. JORDAN LUMBER CO. *

(Circuit Court of Appeals, Ninth Circuit. February 2, 1920.)

No. 3382.

1. APPEAL AND ERROR ⬤⇒717—IN ACTION TRIED BY THE COURT, ITS OPINION CANNOT BE RESORTED TO, TO SUPPLY FINDINGS NOT MADE.

On error to review a judgment in an action at law tried by the court by stipulation, where no special findings were requested or made, the opinion of the court cannot be resorted to for such findings.

2. APPEAL AND ERROR ⬤⇒544(1), 846(5)—REVIEW IN ACTION TRIED BY COURT.

Judgment in an action tried by the court by stipulation cannot be reviewed, if the complaint states a cause of action, in the absence of special findings or bill of exceptions presenting rulings made during the trial.

---

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Rehearing denied April 5, 1920.

In Error to the District Court of the United States for the District of Montana; George M. Bourquin, Judge.

Action at law by the A. L. Jordan Lumber Company against the Northern Idaho & Montana Power Company. Judgment for plaintiff, and defendant brings error. Affirmed.

B. S. Grosscup, of Tacoma, Wash., Sidney M. Logan and Logan & Child, all of Kalispell, Mont., and Grosscup & Morrow, of Tacoma, Wash., for plaintiff in error.

Henry C. Smith, of Helena, Mont., and T. H. MacDonald and J. E. Erickson, both of Kalispell, Mont., for defendant in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. The plaintiff in error seeks to reverse the judgment of the court below, rendered against it in a law action, in which a jury was waived and the cause was tried before the court. The plaintiff in error states in its brief that, while the writ challenges certain findings of the court for the reason that they are not supported by the evidence, it is mainly based on the assignment that on the facts found by the court, supplemented by the undisputed evidence, the judgment should have been for the defendant.

[1] On the trial no exceptions were taken to any ruling of the court, and no request was made for special findings, or for a finding in favor of the defendant in the action. The plaintiff in error refers to the opinion of the court below as containing special findings of fact, but the opinion cannot be resorted to for that purpose. Dickinson v. Planters' Bank, 16 Wall. 257, 21 L. Ed. 278; British Queen Min. Co. v. Baker Silver Min. Co., 139 U. S. 222, 11 Sup. Ct. 523, 35 L. Ed. 147; Saltonstall v. Birtwell, 150 U. S. 417, 14 Sup. Ct. 169, 37 L. Ed. 1128; York v. Washburn, 129 Fed. 564, 64 C. C. A. 132; Hayden v. Ogden Savings Bank, 158 Fed. 91, 85 C. C. A. 558; United States v. Sioux City Stock Yards Co., 167 Fed. 127, 92 C. C. A. 518; Gibson v. Luther, 196 Fed. 203, 116 C. C. A. 35.

[2] In the absence of a special finding, the judgment must be affirmed, unless the complaint fails to state a cause of action, or the bill of exceptions presents some erroneous ruling of the court in the progress of the trial. Norris v. Jackson, 9 Wall. 125, 19 L. Ed. 608. There being in the present case no ruling of the trial court, and no special finding of fact, but only a general finding, the latter must be accepted as conclusive, and this court can go no further than to affirm the judgment. Lehnen v. Dickson, 148 U. S. 71, 13 Sup. Ct. 481, 37 L. Ed. 373; Dunsmuir v. Scott, 217 Fed. 200, 133 C. C. A. 194; Pennsylvania Casualty Co. v. Whiteway, 210 Fed. 782, 127 C. C. A. 332.

The judgment is affirmed.