### JAVA COCOANUT OIL CO., Limited, v. PAJARO VALLEY NAT. BANK.

(Circuit Court of Appeals, Ninth Circuit. June 30, 1924.)

No. 4151.

Appeal and error ⬅850(3)—Action tried without jury; opinion cannot be taken as special finding for purposes of review.

The opinion of the court in an action tried without a jury cannot be taken as constituting a special finding of facts, which authorizes the appellate court, under Rev. St. § 700 (Comp. St. § 1668), to determine the sufficiency of the facts found to support the judgment, and though the opinion closes with the statement, "The foregoing are the findings and conclusions herein," if deemed a finding at all, it is a general one, and not a special finding.

In Error to the District Court of the United States for the Second Division of the Northern District of California; George M. Bourquin, Judge.

Action at law by the Java Cocoanut Oil Company, Limited, against the Pajaro Valley National Bank. From the judgment, both parties bring error. Affirmed.

Pillsbury, Madison & Sutro, of San Francisco, Cal. (Alfred Sutro and Eugene M. Prince, both of San Francisco, Cal., of counsel), for plaintiff.

Wyckoff & Gardner, of Watsonville, Cal., for defendant.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. Section 649 of the Revised Statutes (Comp. St. § 1587) provides that issues of fact in civil cases may be tried and determined by the court without the intervention of a jury, whenever the parties or their attorneys of record file with the clerk a stipulation in writing waiving a jury. The finding of the court upon the facts, which may be either general or special, shall have the same effect as the verdict of a jury. Section 700, Rev. St. (Comp. St. § 1668), provides that, when an issue of fact in any civil cause is tried and determined by the court without the intervention of a jury, and the finding is special, the review by the Supreme Court may extend to the determination of the sufficiency of the facts found to support the judgment. A jury was waived in this case in accordance with the requirements of section 649, supra. At the close of the trial the court filed a written opinion, directing a judgment in favor of the plaintiff for a stated amount, and closing with the statement: "The foregoing are the findings and conclusions herein." Judgment was entered accordingly,

and both parties have brought the case to this court by writ of error, treating the opinion of the trial court as a special finding, within the purview of section 700, supra.

The assumption by the parties that the opinion of the court constitutes a special finding is without foundation, and there is therefore no question before us for review.

"On the trial no exceptions were taken to any ruling of the court, and no request was made for special findings, or for a finding in favor of the defendant in the action. The plaintiff in error refers to the opinion of the court below as containing special findings of fact, but the opinion cannot be resorted to for that purpose." Northern Idaho & Montana P. Co. v. A. L. Jordan L. Co. (C. C. A.) 262 Fed. 765, and cases cited.

We have not lost sight of the fact that the opinion is here declared to be the findings of the court, but such a declaration cannot make of the opinion something which it manifestly is not.

"The special finding contemplated by the statute is a specific statement of those ultimate facts upon which the law must determine the rights of the parties. It corresponds to the special verdict of a jury, is equally specific and responsive to the issues, and is spread at large upon the record, as part thereof, in like manner as is such a verdict." United States v. Sioux City Stockyards Co., 167 Fed. 126, 92 C. C. A. 578, and cases cited.

Here the opinion contains seven pages in all. It is made up largely of arguments and conclusions. It discusses the facts from different angles and viewpoints. The utter futility of attempting to review a judgment on such a finding is made apparent by the arguments before this court. One side claims that the court found one thing, the other side claims that the court found something entirely different, and each side refers to some part of the opinion to support his claim. Furthermore, if the opinion is to be deemed a finding at all, it is a general and not a special one, because it disposes of all the issues in the case and directs a judgment in favor of the plaintiff, and in such cases the finding must be either general or special. It cannot be both.

"This case was tried by the Circuit Court without a jury, and under sections 649 and 700, Rev. Stat., the finding must be 'either general or special.' It cannot be both. Here there was a general finding. The record contains a bill of exceptions, but no exceptions to the rulings of the court in the progress of the trial of the cause were thereby duly presented, and although after reciting the evidence it is therein stated that 'the court thereafter and during the said term made the following findings of fact and judgment thereon,' which is followed by an opinion of the court assigning reasons for its conclusions, this cannot be treated as a special finding enabling us to determine whether the facts found support the judgment, nor can the general finding be disregarded." British Queen Mining Co. v. Baker Silver Mining Co., 139 U. S. 222, 11 Sup. Ct. 523, 35 L. Ed. 147.

See, also, Wesson v. Saline County, 73 Fed. 917, 20 C. C. A. 227; Austin v. Hamilton County, 76 Fed. 208, 22 C. C. A. 128; Corliss v. Pulaski County, 116 Fed. 289, 53 C. C. A. 567.

As already stated, the finding of the court must be deemed a general one, and this general finding is in no wise limited, qualified, or controlled by other parts of the opinion. United States v. Cleage, 161 Fed. 85, 88 C. C. A. 249.

There is no error apparent upon the face of the record, and the judgment is therefore affirmed.

GILBERT, Circuit Judge (specially concurring). I cannot agree that the record contains no findings of fact. Concededly the rule is well settled that the opinion of the trial court may not be resorted to as embodying the court's findings of fact. This court so held in Northern Idaho & Montana P. Co. v. A. L. Jordan L. Co., 262 Fed. 765. But here the findings of the court are contained in what is designated a "decision," and they conclude with these words: "The foregoing are the findings and conclusions herein." The judgment thereon rendered refers to the "decision," and is unquestionably based upon the decision so filed by the court. In Insurance Co. v. Tweed, 7 Wall. 44, 19 L. Ed. 65, Mr. Justice Miller said:

"We are asked in the present case to accept the opinion of the court below as a sufficient finding of the facts within the statute and within the general rule on this subject; but with no aid outside the record we cannot do this. The opinion only recites some parts of the testimony by way of comment in support of the judgment, and is liable to the objection, often referred to in this court, that it states the evidence and not the facts as found from that evidence. Besides it does not profess to be a statement of facts, but is very correctly called in the transcript 'reasons for judgment.'"

In Dickinson v. Planters' Bank, 16 Wall. 250, 21 L. Ed. 278, the court held that the facts stated in the opinion, not being stated as a special finding, but rather advanced to show why the judge came to the conclusion, could not be held equivalent to a special verdict. In De la Rama v. De la Rama, 201 U. S. 303, 26 Sup. Ct. 485, 50 L. Ed. 765, the court held it doubtful whether the stated facts in the opinion should be regarded as finding of facts. There are numerous cases in which courts have refused to regard opinions as containing findings of fact. In Kentucky Life & Acc. Ins. Co. v. Hamilton, 63 Fed. 93, 11 C. C. A. 42, Judge Lurton said:

"This opinion does not purport to be a special finding of facts. Some parts of the evidence are referred to and commented on for the purpose of supporting the judgment. In so far as it deals with the facts, it is a mere statement of the evidence, and not the conclusion of the court as to the facts from the evidence."

No reported case is found, however, which holds that an opinion purporting by its terms to set forth findings of fact may not be resorted to as presenting the specific facts actually found therein. The contrary was held in Mayes v. Paul Jones & Co. (C. C. A.) 270 Fed. 121, where the court ruled that the objection to findings of fact found in connection with the opinion, and not on a separate paper, was merely technical, and would not avail to prevent their consideration in a case where the facts appeared under the title "Opinion and Findings of Fact," and were filed and made a part of the record as shown by the judgment. In O'Reilly v. Campbell, 116 U. S. 418, 6 Sup. Ct. 421, 29 L. Ed. 669, the court held that, when taking findings of fact in connection with the pleadings, the court could see enough upon a fair construction of them to justify the judgment, it was immaterial that they were loosely drawn, with intermixtures of fact and law. The court said:

"But findings are not to be construed with the strictness of special pleadings. * * * Defects of form should be called to the attention of the trial court by the objecting party, and the requisite correction of the findings would seldom be denied."

I submit that in no case should the rights of litigants be prejudiced by the mere failure of the trial court to segregate his special findings from his opinion on the merits in a case where, as here, the court has denominated them findings, and it can be seen that they are findings of fact, and they have gone into the record as such and become the basis of the judgment.

But I concur in the judgment of affirmance, for I cannot see that on the findings any judgment could have been rendered by the court below different from that which was rendered.