# CHINA PRESS, Inc., v. WEBB.

(Circuit Court of Appeals, Ninth Circuit. August 24, 1925. Rehearing Denied October 12, 1925.)

No. 4492.

**1. Appeal and error ☞209(1)—No question of sufficiency of evidence, where question of substantial evidence not presented below.**

Record presents no question of sufficiency of evidence to support judgment in a case tried without jury, where the question of law of substantial evidence to support the findings was not presented to the trial court during or at the close of trial.

**2. Appeal and error ☞850(2)—Opinion with conclusions not special finding authorizing review of facts found supporting judgment.**

Opinion of trial court, with its several conclusions from all the evidence, in case tried without jury, is not a special finding, authorizing review of whether facts found support the judgment.

**3. Courts ⟨⟩405(14)—Rulings in case tried to court in United States Court for China to be excepted to at time and presented by bill of exceptions.**

Under Act June 30, 1906 (Comp. St. §§ 7687–7695), creating the United States Court for China, practice and procedure therein conforms to that of District and Circuit Courts, so that, under Rev. St. §§ 649, 700 (Comp. St. §§ 1587, 1668), for review in a case tried by it without a jury, its rulings must be excepted to at the time and preserved by bill of exceptions.

In Error to the United States Court for China; Milton D. Purdy, Judge.

Action by Herbert Webb against the China Press, Incorporated. Judgment for plaintiff, and defendant brings error. Affirmed.

Chickering & Gregory, Donald Y. Lamont, and Blair S. Shuman, all of San Francisco, Cal., and Fessenden, Holcomb & Snyder and Fleming & Allman, all of Shanghai, China, for plaintiff in error.

Eustace Cullinan and Thomas W. Hickey, both of San Francisco, Cal., and Chalaire & Franklin and H. D. Rodger, all of Shanghai, China, for defendant in error.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge. In the United States Court for China, Webb, plaintiff below, recovered judgment against the China Press, Incorporated, defendant corporation, for breach of a contract, whereby Webb was employed for 5 years from June 17, 1921, as publisher and editor of the China Press, a newspaper at Shanghai, China; Webb to have at all times full charge and supervision over the publication of the paper, subject to instructions to be given by the board of directors, who reserved the right to define the policy of the publication and to make such change from time to time as in the opinion of the board might be necessary and advisable in the interest of the corporation. Webb alleged that he worked under his contract until March 4, 1924, when he was discharged. Thereafter he brought this action. The corporation answered that Webb had broken the contract, in that he neglected his duties and failed to obey and carry out the reasonable orders of the directors, and that, by excessive use of intoxicants, he had unfitted himself for the full and proper discharge of his duties under the contract.

The cause was tried to the court, which, after hearing the testimony, filed a written opinion entitled "Decision and Judgment,"

in favor of Webb. In his opinion, which covers 40 pages of the record, the judge makes an elaborate examination of the testimony, dividing his discussion into several parts, and at the conclusion of each part he finds "as a fact from all the evidence," etc. Judgment was entered, and the corporation brought writ of error.

The assignments relied upon are based upon rulings upon evidence introduced upon the trial.

[1] The record fails to show that any exception whatever was taken until nearly 60 days after judgment was entered. Defendant below then filed its exceptions to the denial of a motion, which it had filed 33 days before, to vacate the judgment, and for a new trial. Upon the trial there was no motion or request for special findings; nor at the close of the testimony was there a request for a finding on the issues; nor did defendant present to the trial court the question of law, whether there was substantial evidence to sustain the findings for the plaintiff below. The record therefore presents no question of the sufficiency of the evidence to support the judgment. Penn. Casualty Co. v. Whiteway, 210 F. 782, 127 C. C. A. 332; Dangberg Land Co. v. Day, 247 F. 477, 159 C. C. A. 531; Pederson v. United States, 253 F. 622, 165 C. C. A. 248; Pennok Oil Co. v. Roxana Petroleum Co. (C. C. A.) 289 F. 416; United States v. Union Stockyards (C. C. A.) 291 F. 366; Blumenfeld v. Mogi (C. C. A.) 295 F. 123; Bank of Waterproof v. Fidelity Co. (C. C. A.) 299 F. 478.

[2] The opinion of the trial judge with its several conclusions is not a special finding which authorizes this court to determine whether the facts found support the judgment. Northern Idaho, etc., Co. v. Jordan Land Co. (C. C. A.) 262 F. 765; Java Cocoanut Oil Co. v. Pajaro Valley Bank (C. C. A.) 300 F. 305. At most the finding is a general one, having the same effect as though the case had been tried to a jury. We are therefore limited to a determination whether there is error apparent upon the face of the record. Law v. United States, 266 U. S. 494, 45 S. Ct. 175, 69 L. Ed. 401, and cases already cited.

[3] Counsel take the position that the statutes (sections 649 and 700 [Comp. St. §§ 1587, 1668]) do not control cases tried in the United States Court for China. In the assumption, acquiesced in by counsel for both sides, that there is no right to a trial by jury in the United States Court for China, we believe counsel are correct, but

that does not affect the question here involved, for the statute (Act June 30, 1906, 34 St. L. 814 [Comp. St. §§ 7687–7695]) which created that tribunal provides that writs of error shall be regulated by the procedure governing appeals within the United States from the District Courts to the Circuit Courts of Appeals, and from the Circuit Courts of Appeals to the Supreme Court of the United States, respectively, so far as the same shall be applicable, and that said courts are empowered to hear and determine writs of error so taken. Section 5 of the act (Comp. St. § 7691), which provides that the procedure of the court shall be in accordance, so far as practicable, with the existing procedure prescribed for consular courts in China in accordance with the Revised Statutes of the United States, is substantially like that which governed appeals from the former consular courts (Act July 1, 1870, 16 St. 184, § 5) whereby, so far as we are advised, the practice has been in recognition of the requirement that appeals and writs of error from the consular courts in China are subject to the regulations and restrictions prescribed in law for writs of error from District to Circuit Courts. America China Development Co. v. Boyd, 148 F. 258. In that case the Circuit Court said: "Without objection or exception to this testimony, no question would be presented to this court for review upon writ of error, and, while the case comes here on appeal, the statute makes the appeal subject to the rules, regulations, and restrictions prescribed in law for writs of error from District Courts to Circuit Courts. Rev. St. § 4093; U. S. Comp. St. 1901, p. 2771."

It would seem to be a simple matter to conform to the established procedure and practice. To take an exception at the time of ruling of the court in the progress of the trial, and duly to present the same by a bill of exceptions and to prepare the record with the assignment of error, are steps requiring no more formality in the course of a law action tried in the United States Court for China than in an action carried on in a federal court in another locality. It is evident that the statutes preserve that harmony of system contemplated by general statutes which are applicable and which have been judicially construed as controlling. Dunsmuir v. Scott, 217 F. 200, 133 C. C. A. 194; Warren v. Bromley (C. C. A.) 288 F. 563.

As no error appears on the face of the record, the judgment must be affirmed.

Affirmed.