UNITED STATES FIDELITY & GUARANTY CO. v. McNULTY BROS., Inc., et al. TITLE GUARANTY & SURETY CO. v. SAME. SLATTERY v. NOEL CONST. CO. et al.

(Circuit Court of Appeals, First Circuit. June 8, 1926.)

Nos. 1919–1921.

1. United States ⊚═67(3)—In materialman's action on contractor's bond, under statute, recovery for labor and materials furnished under contract in three different districts held proper, though statute requires suit to be brought in the district in which the contract was performed (Materialmen's Act Aug. 13, 1894, as amended by Act Feb. 24, 1905 [Comp. St. § 6923]).

Under Materialmen's Act Aug. 13, 1894, as amended by Act Feb. 24, 1905 (Comp. St. § 6923), authorizing a single action on the contractor's bond "in the district in which" the contract was to be performed, where contract required work to be done in three districts, held, recovery could be had for labor and materials furnished in all of such districts in suit brought in one of them.

2. United States ⊚═67(3)—Evidence held to establish final settlement with government contractor on particular day within year preceding institution of materialman's suit under statute (Materialmen's Act Aug. 13, 1894, as amended by Act Feb. 24, 1905 [Comp. St. § 6923]).

In action on government contractor's bond, under Materialmen's Act Aug. 13, 1894, as amended by Act Feb. 24, 1905 (Comp. St. § 6923), evidence held to establish a final settlement of contract on particular day within a year preceding institution of the suit.

3. Principal and surety ⊚═104(1)—Company furnishing subcontractor materials, and agreeing that concerns from which it obtained part of such materials should be paid first, held not to have thereby granted subcontractor an extension discharging government contractor's surety.

That company extending credit for materials to subcontractor agreed that concerns from which it obtained part of the materials furnished should be paid by subcontractor ahead of it held not to have thereby granted subcontractor an extension discharging surety on government contractor's bond from liability to it.

4. Reference ⊚═99(4).

Auditor's finding of fact, confirmed by District Court based on adequate evidence, is conclusive, in action under Materialmen's Act Aug. 13, 1894, as amended by Act Feb. 24, 1905 (Comp. St. § 6923).

5. United States ⊚═67(3)—Date of filing of materialman's petition for intervention, in action on government contractor's bond, is determinative of claimant's right, rather than date of allowance of petition (Materialmen's Act Aug. 13, 1894, as amended by Act Feb. 24, 1905 [Comp. St. § 6923]).

Under Materialmen's Act Aug. 13, 1894, as amended by Act Feb. 24, 1905 (Comp. St. § 6923), date of filing of materialman's petition for intervention, in action on contractor's bond, is determinative of his right, rather than date of allowance of such petition.

In Error to the District Court of the United States for the District of Massachusetts; James M. Morton, Judge.

Suit by McNulty Bros., Inc., against the United States Fidelity & Guaranty Company and the Title Guaranty & Surety Company, sureties on the bond of the Noel Construction Company, wherein John E. Slattery, trustee in bankruptcy of W. W. Campbell & Son, Inc., and others, claimants, intervened. To review a judgment (1 F.[2d] 446) in favor of various claimants and against John E. Slattery, trustee, the surety companies and John E. Slattery, trustee, separately bring error. Affirmed as to surety companies; reversed and remanded as to John E. Slattery, trustee.

H. R. Bygrave, of Boston, Mass., for Title Guaranty & Surety Co.

Henry V. Cunningham, of Boston, Mass., for United States Fidelity & Guaranty Co.

William C. Rogers, of Boston, Mass., for John E. Slattery, trustee.

William F. Kimber, of New York City, and Frank H. Stewart, of Boston, Mass., for McNulty Bros. and Herzog Iron Works.

Charles R. Elder, of Boston, Mass., for Daniel Bloomquist Co.

Charles R. Elder and William C. Rogers, both of Boston, Mass., for Crane Co.

Thompson, Hoague & Hill, of Boston, Mass. (Theodore Hoague, of Boston, Mass., of counsel), for Sykes Co.

Gaston, Snow, Saltonstall & Hunt, of Boston, Mass. (Robert H. Holt, of Boston, Mass., of counsel), for H. J. M. Howard Mfg. Co. and American Sterilizer Co.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. This is a controversy arising under the Materialmen's Act (28 Stat. 278; 33 Stat. 811 [Comp. St. § 6923]). On January 17, 1910, the Noel Construction Company entered into a contract with the United States for the erection of three hospitals—one in Chelsea, Mass., one in Newport, R. I., and one in Portsmouth, N. H.—at an aggregate price of $847,100. The contract is stipulated to be a "single, entire, and indivisible contract." The plaintiffs in error in Nos. 1919 and 1920 were sureties on the bond of $254,130.

On December 2, 1915, suit was brought by McNulty Bros., Inc., on the equity side of the court, to recover for labor and materials.

On February 19, 1917, the case was transferred to the law side of the court; jury trial was waived. Various creditors had intervened. The case was referred to Emery B. Gibbs as auditor, and heard by him over 40 days; he died before making a report; the case was then referred to Arthur Black as auditor, whose report was filed on January 15, 1924. The auditor's findings were, with an exception not now material, affirmed by the District Court on August 8, 1924 (1 F.[2d] 446). The result was a judgment in favor of seven creditors, in amounts not now material. From this judgment the surety companies have prosecuted the writs of error in Nos. 1919 and 1920.

The third writ of error, No. 1921, is by John E. Slattery, trustee in bankruptcy of W. W. Campbell & Son, Inc., an intervening creditor.

The defendants' assignments of error are:

[1] (1) That under this statute recovery can be had only for labor and material supplied to the hospital built in this district of Massachusetts, where the suit was brought.

(2) That final settlement of this case, within the meaning of the statute, was made on March 12, 1915, and not on May 27, 1915, as the auditor and the court below found.

(3) That the Crane Company, by giving time to its debtor, discharged the surety company from liability to it.

This statute has been so recently elaborately analyzed and construed by the Supreme Court that it is unnecessary here to reproduce it. In brief, it provides that under such contract, if no suit be brought by the United States within six months from the "completion and final settlement of said contract," the concerns furnishing labor and materials may bring such suit "in the district in which said contract was to be performed and executed"; that such suit shall be commenced within one year after such completion and final settlement; and that only one such suit shall be brought.

In Fleischmann Construction Co. v. United States, 46 S. Ct. 284, 289, 70 L. Ed. ——, decided on March 1, 1926, the court say:

"The purpose of the Materialmen's Act, which is highly remedial and must be construed liberally, is to provide security for the payment of all persons who supply labor or material in a public work; that is, to give all creditors a remedy on the bond of the contractor, to be enforced within a reasonable time in a single proceeding, in which all claimants shall unite. Bryant Co. v. Steam Fitting Co., 235 U. S. 327, 337, 35 S. Ct. 108, 59 L. Ed. 253; Illinois Surety Co. v. Davis, 244 U. S. 376, 380, 37 S. Ct. 614, 61 L. Ed. 1206. In resolving the ambiguities in its provisions, the court must endeavor to give coherence to them in order to accomplish the intention of Congress, and adapt them to fulfill its whole purpose. Bryant Co. v. Steam Fitting Co., supra, 337, 338 (35 S. Ct. 111). In this case it was further stated, as the premise on which the court rested the solution of the particular ambiguity there involved, that the act 'imposes a limitation of time on all claimants, * * * beginning to run from the same event'—that is, the performance and final settlement of the contract—and that, just as the creditor who institutes the original suit has one year from the final settlement in which to commence the action, other creditors must file their claims 'within the same limit of time.' A like construction of the act was also adopted in Pederson v. United States, 253 F. 622, 626, 165 C. C. A. 248, and London Indemnity Co. v. Smoot, 287 F. 952, 956, 52 App. D. C. 378. And this we now confirm."

The defendant's first contention is that on the suit brought in this district recovery can be had only for labor and materials furnished for the hospital built in this district. It is far from clear that on this record this objection is now open to the defendants. But, assuming that it is open, it is without merit. The statute is, as above noted, highly remedial. The provision of the act requiring that such suit shall be brought "in the district in which said contract was to be performed and executed" must be construed in the light of the general remedial purpose of the act. In this case, under a single contract, labor and materials were furnished on three hospitals, in three districts. The statute also requires that only *one* such action shall be brought. It follows that in such a case, like the one now at bar, where one contract is to be performed in three districts, either three suits must be brought, contrary to the express limitation to one suit, or the statute is wholly inoperative when applied to a contract to be performed in more than one district. Neither conclusion is tenable. The action was properly brought in this district.

[2] The surety companies' next contention is that final settlement in this case was on March 12, 1915, and not, as the court and the auditor found, on May 27, 1915. It is doubtful whether, on a writ of error, this question is open. Cf. 46 S. Ct. 288, 70 L. Ed. ——. But, assuming it open, the contention is without merit.

The auditor reported the evidence bearing on this question. This evidence shows

that, under date of March 12, 1915, the Acting Secretary of the Navy wrote a letter which, if it had stood unrevoked and unmodified, might perhaps have been regarded as a final settlement, within the meaning of the statute as construed by the Supreme Court. Illinois Surety Co. v. Peeler, 240 U. S. 214, 218, 226, 36 S. Ct. 321, 60 L. Ed. 609. This letter was directed to the Bureau of Yards and Docks, and stated the final amount due to the contractors as $49,932.41. But, under date of April 17, 1915, the Bureau of Docks, referring to the letter of March 12, 1915, pointed out errors or omissions by way of offset, with a resultant assertion that the amount due was only $46,563.31. After other correspondence not now material, this sum of $46,563.31 was finally approved by the Acting Secretary of the Navy on May 27, 1915. The auditor and the court below both found—and the evidence requires such finding—that the final settlement was made on May 27, 1915.

[3, 4] The third assignment of error as to the Crane Company, if here at all, is without merit. The auditor found that, when the chief contractor invited bids, Campbell & Son sought and obtained from the Crane Company credit for materials that Campbell was to obtain in large part from other concerns, with the understanding that these concerns were to be paid before the Crane Company was paid. After reviewing the facts, the auditor found that "there is no evidence that the defendants were prejudiced by the conduct of the Crane Company." This finding of fact (confirmed by the District Court) settles the question as one of fact.

[5] No. 1921 is a writ of error brought by John E. Slattery, trustee in bankruptcy of W. W. Campbell & Son. The issue presented in this writ of error is obviously due to merely inadvertence. Slattery's bill of exceptions recites that the Campbell intervention was *filed* on April 15, 1916. The record shows that this petition was *allowed* on May 29, 1916, while the case was pending on the equity side of the court, two days after the final settlement date. The auditor and the court below, without opinion or explanation, treated the date of the allowance of the Campbell petition as determinative of his right. This is too important a question to have been thus passed without comment; the filing date is plainly the one fixing the right. The statute contemplates, as already noted, a single suit at law; that within the six-months period limited by the statute creditors, by filing their petitions for intervention, shall be enabled to assert their rights.

The effective date, therefore, was April 15, and not May 29.

The record is not clear as to the result of sustaining this exception.

By stipulation dated October 2, 1919, the amount due Campbell & Son was agreed to be $9,793.89. Campbell & Son were also stipulated to be indebted to seven named subcontractors for labor and materials furnished on these three hospitals, of whom six were stated to have then intervened. The agreement was that, if the amount found due these six interveners was less than $9,793.89, judgment for the balance should be entered for Campbell & Son. On the present record, the Crane Company is the only one of the six interveners to obtain herein judgment. Crane Company's judgment is $6,794.15. Deducting this, as contemplated by the stipulation, would leave $2,999.74 due Campbell & Son.

But counsel for the surety companies now assert that agreed judgments have been entered for some of the other five subcontractors of Campbell & Son, so that nothing is in fact now due Slattery as trustee of Campbell & Son.

On such a record, in a suit at law, the court has no option except to sustain the exception, remitting the parties to the court below for the determination of facts that apparently ought not to be in the realm of reasonable controversy.

In Nos. 1919 and 1920, the judgment of the District Court is affirmed, with costs to defendants in error in this court.

In No. 1921, the judgment of the District Court is reversed, and the case is remanded to that court for further proceedings not inconsistent with this opinion; the plaintiff in error recovers costs in this court.