**SOUTHERN SURETY CO. v. WESTERN PIPE & STEEL CO. OF CALIFORNIA.**

(Circuit Court of Appeals, Ninth Circuit. December 13, 1926.)

No. 4833.

United States ⊶73—Under contract for public work, final settlement held not made until approval of estimate by chief engineer; "final settlement of the contract" (Comp. St. § 6923).

Under a contract for public work, providing that final payment should be made within 30 days after the final estimate had been approved by the chief engineer, the date of "final settlement of the contract," within the meaning of Act Aug. 13, 1894, as amended by Act Feb. 24, 1905 (Comp. St. § 6923), was not when the final estimate was made by the district engineer, but the date of its approval by the chief engineer.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Settlement.]

In Error to the District Court of the United States for the District of Arizona; F. C. Jacobs, Judge.

Action at law by the Western Pipe & Steel Company of California, against the Southern Surety Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Wallace, Knollenberg & Cameron, of El Paso, Tex., for plaintiff in error.

D. V. Mulhern and John R. Hampton, both of Phœnix, Ariz., for defendant in error.

Before RUDKIN, Circuit Judge, and SAWTELLE and JAMES, District Judges.

RUDKIN, Circuit Judge. This was an action by an intervening creditor on a bond given by a contractor for the construction, prosecution, and completion of a public work, pursuant to the Act of August 13, 1894 (28 Stat. 278), as amended by the Act of February 24, 1905 (33 Stat. 811). The latter act provides:

"That where suit is instituted by any of such creditors on the bond of the contractor it shall not be commenced until after the com-

plete performance of said contract and final settlement thereof, and shall be commenced within one year after the performance and final settlement of said contract, and not later: And provided further, that where suit is so instituted by a creditor or by creditors, only one action shall be brought, and any creditor may file his claim in such action and be made party thereto within one year from the completion of the work under said contract, and not later." Comp. St. § 6923.

The action was tried in the court below without a jury, a jury having been waived by stipulation in writing as required by law, and judgment was entered in favor of the intervener upon special findings of fact. That judgment is now before us for review.

The sole contention of the plaintiff in error is that the petition in intervention was not filed within one year after the complete performance and final settlement of the contract, as provided by law. It is doubtful whether that question is open to review on the record before us. Fleischmann Co. v. United States, 270 U. S. 349, 46 S. Ct. 284, 70 L. Ed. 624. But this we need not determine, as the decision of the court below on the merits was manifestly right. After defining the term "chief engineer" as the chief engineer of the bureau of public roads, and the term "district engineer" as the district engineer of the bureau of public roads in whose district the improvement is located, the specifications provide:

"Whenever the work provided for by the contract shall have been completely performed on the part of the contractor, and all parts of the work have been approved by the district engineer, a final estimate showing the value of the work done will be prepared by the engineer as soon as the necessary measurements may be made. The amount of this estimate, less any sums that may have been deducted in accordance with the provisions of the contract, and less all previous payments, will be paid to the contractor within thirty (30) days after the final estimate has been approved by the chief engineer."

The court below found that the work called for by the contract was fully completed in July, 1924; that the district engineer, in whose district the improvement was located, caused a full, complete, and final estimate to be made of the work done by the contractor; that this estimate was completed by the employees in his office on August 14, 1924; that the estimate thus prepared was transmitted to the deputy chief engineer of the bureau of public roads; and that the estimate was approved by the latter on November 14, 1924.

The contention of the plaintiff in error, that the petition in intervention was not filed within the time prescribed by law, is based on the erroneous assumption that the estimate prepared and completed in the office of the district engineer on August 14, 1924, was the final settlement referred to in the statute. This contention is without merit. The act of the chief engineer of the bureau of public roads, or of his deputy acting for him, in approving the estimate prepared by the district engineer according to the established administrative methods of the department, was the final adjustment and settlement within the meaning of the law. Illinois Surety Co. v. Peeler, 240 U. S. 214, 218, 36 S. Ct. 321, 60 L. Ed. 609; United States v. Robinson (C. C. A.) 214 F. 38; Mandel v. United States (C. C. A.) 4 F.(2d) 629; United States Fidelity & Guaranty Co. v. McNulty Bros. (C. C. A.) 13 F.(2d) 78.

The judgment is affirmed.